Marshall E. Livingston, J.
This is an article 78 CPLR proceeding in the nature of mandamus brought by the petitioner, Werner Schmidtmann, a member of the Police Department of the Town of Greece, to set aside the appointment of respondent Glenn R. Goodno as a Police Lieutenant of the Town of Greece Police Department.
Respondent Goodno was appointed to the position of Lieutenant by the Greece Town Board on July 7,1964, as the result of a *699 competitive examination held by the Monroe County Civil Service Commission.
The petitioner asks that a finding be made declaring that respondent Goodno was not a qualified candidate for the examination for Police Lieutenant; that the Civil Service Commission be directed to strike and delete the name of respondent Goodno from any list resulting from a promotional examination for the position of Police Lieutenant; and that the appointment of respondent Goodno as a Police Lieutenant be annulled, vacated, cancelled and set aside.
The examination for Police Lieutenant was announced by the Civil Service Commission on February 21, 1964, and all Police Sergeants and Patrolman Detectives in the Greece Police Department were declared to be eligible candidates. Petitioner Schmidtmann, a Police Sergeant, and respondent Goodno, a Patrolman Detective, both passed the examination, with the petitioner being listed number one on the eligible list resulting therefrom and the respondent being placed third on said list. On July 8, 1964, respondent Goodno was promoted to the position of Lieutenant, along with the candidate who had placed second on the eligible list.
Petitioner’s attack upon the appointment of respondent Goodno to the position of Police Lieutenant is based upon the argument that the respondent was illegally occupying the position of Patrolman Detective in the Greece Police Department and that, therefore, he was not eligible to take the promotional examination for the position of Lieutenant. In support of this claim, petitioner seeks to challenge the original appointment of respondent Goodno to the position of Patrolman Detective on August 15, 1961. Goodno’s appointment at that time had been made from a promotional list established on July 12,1961, resulting from a competitive examination for the position of Police Sergeant. This list ranked Goodno as number four, so that after three appointments to the rank of Sergeant had been made, he was number one on the list at the time he was appointed Patrolman Detective. Three weeks after the appointment, however, an amended list was published in which Goodno was ranked number seven, the change in ranking resulting from a correction in the erroneous use of veteran’s points in his original ranking. Upon the basis of this amended ranking, Goodno would not have been appointed Patrolman Detective, since only those listed in positions four, five and six were promoted to that position. Despite the issuance of the revised list, however, no action was taken by the Town Board to modify or rescind the original appointment from the list of July 12,1961. It is the August 15, *700 1961 appointment of respondent Goodno by the Town Board which petitioner now avers was illegally made and, therefore, the last appointment of Goodno to Lieutenant is void.
Respondents resist this challenge, arguing that petitioner is barred from attacking Goodno’s 1961 appointment by the Statute of Limitations and by laches.
Since this is a proceeding in the nature of mandamus, it is controlled by that part of CPLR 217 which provides that “ a proceeding against a body or officer must be commenced within four months # * * after the respondent’s refusal, upon the demand of the petitioner * * * .to perform its duty”. In this case the petitioner, by letter dated July 13,1964, demanded the cancellation, annulment and vacation of respondent Goodno’s appointment. By notice of petition dated August 14, 1964, this article 78 proceeding was commenced, within the statutory four-month period. Consequently, petitioner’s claim is not barred by the Statute of Limitations.
The situation is different, however, with regard to respondents’ claim' of laches. It is undisputed that in September of 1961 petitioner was aware of the fact that Goodno’s original appointment as Patrolman Detective was based upon the erroneous use of veteran’s points and that there had been a revision of the list of July 12,1961. Lowell Thompson, then a Patrolman, through his attorneys wrote to the Monroe County Civil Service Commission on August 25,1961, and as a result, the list of 23-61 was changed. Petitioner did not make any challenge of this alleged illegal appointment, however, until July, 1964 when the critical appointment of Goodno as Police Lieutenant was made. Having delayed for almost three years in challenging respondent Goodno’s original appointment, the petitioner is now barred by laches from making that challenge.
Petitioner has attempted to overcome the bar of laches by arguing that the original appointment of respondent Goodno as Patrolman Detective was in violation of section 6 of article. V of the Constitution of the State of New York, and that his continuance in that position constituted a continuing failure to obey the Constitution. Relying on Matter of Cash v. Bates (301 N. Y. 258 [1950]), petitioner contends that laches is of no avail where there is such a continuing violation of a constitutional mandate.
While this court recognizes the broad language in the Cash case and Palmer v. Board of Educ. (276 N. Y. 222) it is constrained to agree with the interpretation given to Cash v. Bates (supra) by the Appellate Division, Third Department, in Matter of Kleinman v. Kaplan (20 A D 2d 594 [1963]), a case which is *701 almost exactly in point with the facts of the instant case. In Kleinman the petitioners, who held civil service appointments as probation officers, knew on April 1, 1959, of the promotion of three other probation officers, which appointments the petitioners contended were illegal, but they delayed commencement of an article 78 proceeding challenging the promotions for more than three and one-half years. Despite the petitioners’ claim that there was a continuing violation of section 6 of article V of the Constitution and that, therefore, under the holding of the Cash case a claim of untimeliness was of no avail, the trial court dismissed their application on that basis. On appeal, the Third Department unanimously affirmed the dismissal, after commenting as follows with regard to the question of laches: ‘ ‘ The time limit for the institution of a proceeding in the nature of mandamus does not expire until four months after demand and refusal to perform a duty (Civ. Prac. Act, § 1286); but it is firmly settled that a petitioner cannot indefinitely postpone the time to seek relief by delaying the demand. (Matter of Amsterdam City Hosp. v. Hoffman, 278 App. Div. 292.) In Matter of Cash v. Bates (301 N. Y. 258), where the civil service appointments were held invalid, the argument that the petition must be dismissed for ‘ untimeliness ’ was rejected in view of the continuing failure of respondent to obey the constitutional directions in respect of civil service appointments. But this treatment of ‘ untimeliness ’ cannot reasonably.be read to mean that under all circumstances a petitioner has a right to bring mandamus to challenge civil service appointments whenever he wishes with no possibility that he may be barred by his own laches. The court, with Cash cited to it as a precedent, expressly rejected such a possibility in Austin v. Board of Higher Educ. (5 N Y 2d 430, 442). This was not a civil service case, but the principle laid down is applicable to the general problem of undue delay constituting laches. An aggrieved party may not ‘ extend indefinitely ’ the period during which he is required to take action ‘ by delaying making his demand ’. Circumstances may change from case to case, but the delay here of over three years in the institution of the proceeding in our opinion bars it for laches.” (Italics supplied.) (See, also, Matter of Central School Dist. No. 2 v. New York State Teachers Retirement System, 46 Misc 2d 225 and cases cited therein.)
For the reasons stated, the application is denied.