Mary L. Cox et al., Appellants, *v.* Village of Greenwich, Respondent.

Third Department, January 26, 1970.

*Orton & Catalfimo* (*Robinson, Lewis & Bell,* by *John L. Bell,* of counsel), for appellants.

*Layden & Layden* (*Leon M. Layden* of counsel), for respondent.

Staley, Jr., J. This is an appeal from an order of the Supreme Court at Special Term, entered August 30, 1966 in

Washington County, which granted defendant's motion pursuant to CPLR 3211 (subd. [a], par. 7) and dismissed the complaint for failure to state a cause of action.

The complaint alleges that on January 19, 1966 plaintiff, Mary Lou Cox, was injured when the automobile she was operating collided with an automobile owned and operated by Robert O. Du Chaine. At the time of the accident Du Chaine, as a member of the Volunteer Fire Company of the Village of Greenwich, was responding to a fire alarm and proceeding in his automobile to the Village of Greenwich firehouse. The complaint further alleges that Du Chaine was acting in the performance of his duty as a volunteer fireman at the time of the accident and that the Volunteer Fire Department was maintained by the defendant, Village of Greenwich. In a prior action the appellants herein sued Du Chaine, individually, which action was dismissed on the ground that a volunteer fireman in the performance of his duties could only be sued for " willful negligence or malfeasance " as provided by section 205-b of the General Municipal Law. (*Cox* v. *Du Chaine*, 29 A D 2d 814.) This court in that case did not consider the liability of the fire district or the municipality.

The main issue on this appeal involves the liability of a village arising out of the negligent operation by a volunteer fireman of his personal automobile while engaged in firemanic duties. Special Term determined the liability of the village could only be predicated upon a statute providing for such liability; that the only statute under which such liability might be predicated is section 50-c of the General Municipal Law; that section 50-c has no application to the case at bar since the volunteer fireman involved was not a paid fireman; and that, therefore, the complaint did not state a cause of action against the village. We agree with Special Term's conclusion that liability of a village for the negligence of an unpaid volunteer fireman cannot be predicated upon section 50-c of the General Municipal Law since that statute is clearly applicable only to duly appointed paid firemen of the municipality. However, neither that section nor any other statute provides for an exemption from liability on the part of a village for injuries to person or property which result from the negligent acts of a volunteer fireman when acting in the discharge of his duties.

Whether a plaintiff seeking to sue a political subdivision of the State for the negligence of one of its employees must invoke a particular statute explicitly making the subdivision liable for the particular tort involved, constitutes the determinative issue in this case.

Upon the enactment of section 12-a (now § 8) of the Court of Claims Act, the State waived its immunity from liability and suit, and consented to have the same determined in accordance with the same rules of law as applied to actions in the Supreme Court against individuals and corporations. Since cities, counties, towns and villages of the State have no independent sovereignty, the immunity from liability and suit theretofore enjoyed by these governmental units being nothing more than an extension of the State's immunity, that extension terminated upon the waiver by the State of its own immunity, and these civil divisions of the State became equally answerable with individuals and private corporations for wrongs of its officers, agents, employees and servants, even without separate statutory enactments enlarging their liability. (*Bernardine* v. *City of New York*, 294 N. Y. 361; *Holmes* v. *County of Erie*, 291 N. Y. 798.)

In the case of *Bernardine* v. *City of New York* (*supra*), the plaintiff sued the City of New York for personal injuries sustained by a runaway police horse. In that case plaintiff relied on section 50-b of the General Municipal Law which declared that municipalities were liable for the negligent operation of any municipally owned vehicle or facility of transportation by a municipal employee in the discharge of his duty. The court declared that plaintiff need not have relied on section 50-b because of the waiver of sovereign immunity effected by section 8 (then § 12-a) of the Court of Claims Act. The court stated (p. 365) as follows: "The gist of this waiver and consent of the State has been operative since 1929, and is limited only by the incidental procedure prescribed in article II of the same Act. None of the civil divisions of the State — its counties, cities, towns and villages — has any independent sovereignty (see N. Y. Const., art. IX, § 9; *City of Chicago* v. *Sturges*, 222 U. S. 313, 323; *Keifer & Keifer* v. *R. F. C.*, 306 U. S. 381. Cf. *Gaglio* v. *City of New York*, 143 F. 2d 904). The legal irresponsibility heretofore enjoyed by these governmental units was nothing more than an extension of the exemption from liability which the State possessed. (*Murtha* v. *N. Y. H. M. Col. & Flower Hospital*, 228 N. Y. 183, 185.) On the waiver by the State of its own sovereign dispensation, that extension naturally was at an end and thus we were brought all the way round to a point where the civil divisions of the State are answerable equally with individuals and private corporations for wrongs of officers and employees,— even if no separate statute sanctions that enlarged liability in a given instance."

Under the doctrine of the *Bernardine* case, the universal waiver of sovereign immunity embodied in section 8 of the Court

of Claims Act dispenses with the need for special enactments authorizing private claims against the State, which waiver extends to all political subdivisions of the State, including villages. (*Motyka* v. *City of Amsterdam,* 15 N Y 2d 134; *Schuster* v. *City of New York,* 5 N Y 2d 75; *Dunham* v. *Village of Canisteo,* 303 N. Y. 498; *McCrink* v. *City of New York,* 296 N. Y. 99.)

The defendant's reliance on section 50-c of the General Municipal Law as dispostive of the issue is not well-founded. That section does provide that every city, town, village and fire district shall be liable for the negligence of any duly appointed policeman or any duly paid fireman for the negligence of such appointee in the operation of a vehicle upon the public streets of the municipality in the discharge of his statutory duties. This section which applies specifically to a duly paid fireman when read in conjunction with sections 50-a and 50-b evinces an intent to limit the liability of a municipality to the operation of vehicles upon the public streets or highways of the municipality or fire district.

Thus, section 50-c has limited the application of *Bernardine* v. *City of New York* (*supra*) and section 8 of the Court of Claims Act, as well as sections 50-a and 50-b of the General Municipal Law by adding the additional qualifications limiting their application insofar as paid firemen are concerned to the geographic area of the municipality, and then only as to vehicles operated upon public streets or highways. This statute then is an exemption statute, exempting cities, towns, villages and fire districts from liability, and from the obligation to save harmless a paid fireman by reason of the negligence of a paid fireman in the operation of a vehicle outside the municipal boundaries or, if operated within the municipal boundaries, in areas other than public streets or highways. Thus, when this section was amended to apply only to paid fireman, the liability of these municipalities where nonpaid volunteer firemen were involved was extended and broadened to that encompassed by section 8 of the Court of Claims Act.

Volunteer firemen are exonerated by statute from personal liability for their ordinary negligence while no statute sets forth any municipal liability for their negligent acts in the discharge of their firemanic duties. The result is the indefensible situation that a plaintiff injured by a volunteer fireman negligently operating a private vehicle in the performance of his duties is without statutory remedy. In the absence of any statutory exemption for liability in such a situation, the broad liability of municipalities for the negligence of their employees should be

applied. (*Bernardine* v. *City of New York, supra*; see, also, 31 Albany L. Rev. 256.)

The order, and judgment entered thereon, should be reversed, on the law and the facts, and the motion to dismiss the complaint denied, with costs.

GREENBLOTT, COOKE and SWEENEY, JJ., concur; HERLIHY, P. J., concurs in the result.

Order, and judgment entered thereon, reversed, on the law and the facts, and motion to dismiss complaint denied, with costs.