William J. Crangle, J.
This is a motion by defendant, the *652 Consolidated Fire District No. 1, Town of Niskayuna, New York, for summary judgment.
Plaintiff's intestate was allegedly struck and killed by a private automobile which was being operated by a volunteer fireman of the defendant fire district while responding to a fire. The motion for summary judgment is based upon a claim of immunity under section 205-b of the General Municipal Law. Plaintiff opposes the motion upon the ground that the reasoning of the court in the case of Cox v Village of Greenwich (33 AD2d 264) should be applied to this situation. Defendant argues that the Cox case is not controlling since that case applies only to municipal corporations.
The Cox case (supra) spoke specifically upon the liabilities of cities, counties, towns and villages as civil divisions of the State and pointed out that upon the waiver by the State of its sovereign immunity from liability and suit (Court of Claims Act, § 8) that these civil divisions of the State likewise lost their immunity. The court then held that, in the absence of a statutory exemption from liability in a given situation, the broad liability of municipalities for the negligence of their employees should be applied to the defendant village since the volunteer fireman who was the active wrongdoer is exonerated by statute from personal liability and no statute specifically imposes liability upon the municipality for which he was performing his duties.
Although in the case at bar the defendant, fire district, is not a municipality, it is a territorial division of the State designated a "district corporation” (General Construction Law, § 66, subd 3). As such, like a municipal corporation, it has no independent sovereignty of its own and its immunity from liability and suit, being merely an extension of the State’s immunity, was terminated by enactment of section 8 of the Court of Claims Act. The "indefensible situation that a plaintiff injured by a volunteer fireman negligently operating a private vehicle in the performance of his duties is without statutory remedy” exists here as in the Cox case (p 267).
Unless the statutory exemption from liability referred to in the Cox case (it was there held that the only exemption cited was not relevant to a case involving a volunteer fireman) exists here, the same broad liability of municipalities for the negligence of their employees should be applied against the defendant fire district. To determine this we must turn to section 205-b of the General Municipal Law. This section, in *653 addition to providing immunity from liability to volunteer firemen for ordinary negligence in the performance of their duties, states that fire districts shall be liable for the negligence of volunteer firemen in the operation of vehicles owned by the fire district upon the public streets and highways of the fire district in the discharge of their duties as volunteer firemen. Thus the Legislature has limited the general liability of fire districts for negligent conduct of their employees by qualifying their liability in the case of volunteer firemen, limiting it to claims arising in the geographic area of the fire district and then only as to the operation of vehicles owned by the fire district. Since the alleged wrongdoer in this case is a volunteer fireman, fitting the terms of the statutory qualification, it must be concluded that a relevant exemption statute exists and that the Cox case is thus distinguished.
Defendant’s motion for summary judgment is granted without costs.