OPINION OF THE COURT
William J. Crangle, J.
Upon reargument the prior determination of this court (91 Misc 2d 651) is reaffirmed and the motion for summary *1067 judgment by defendant, Consolidated Fire District No. 1, Town of Niskayuna, is granted.
Plaintiff urges that the court in the case of Cox v Village of Greenwich (33 AD2d 264) ruled, in effect, that section 205-b of the General Municipal Law does not provide the statutory exemption necessary for a fire district to escape liability under the rule in that case. I am unable to read that in the court’s opinion.
Addressing itself to section 50-c of the General Municipal Law, which was appropriate in that case involving as it did a village, the court drew a negative inference that the section was an exemption statute since it limited the application of a municipality’s general liability for the wrongdoing of its paid firemen (Bernardine v City of New York, 294 NY 361) to certain circumstances. It was reasoned that since the statute specifies the circumstances under which the municipality will be liable for the negligent acts of its paid firemen, i.e., while operating a vehicle upon a public highway within the municipality, it must be inferred that the municipality will not be liable for the negligence of paid firemen under any other circumstances.
This exemption statute did not affect the liability of the village in the Cox case because it applies only to cases involving paid firemen and Cox involved a volunteer fireman. There being no equivalent exemption statute applicable as to volunteer firemen operating in villages, the court held that the defendant village was subject to its common-law liability.
The case at bar, however, involves section 205-b of the General Municipal Law. This statute in the words of Cox "evinces an intent to limit the liability of a” fire district to the operation by volunteer firemen of vehicles owned by the fire district upon the public streets and highways of the fire district in the discharge of their duties as volunteer firemen (supra, p 267). It is thus, as applied to cases involving volunteer firemen, an exemption statute and whenever the circumstances necessary for establishing liability as set forth in the statute are not met, liability will not lie. In this case the volunteer fireman involved in the accident was not driving a vehicle owned by the fire district, which is one of the statutory qualifications to impose liability. The exemption following therefrom must, therefore, be given effect.
The inequity apparent in the disparity of relief available to a person injured by the negligent act of a volunteer fireman *1068 driving his personal vehicle for a village volunteer fire department and a person injured by a volunteer fireman driving his personal vehicle for a fire district organized as a "district corporation” under the General Municipal Law might be remedied by acceptance of the dicta in the Bernardine case (supra) which ignores the statutory exemption negatively implicit in section 50-c of the General Municipal Law. However, this court is bound by the precedent established in the Cox case which it considers to be presently controlling. It might be suggested that this area of the law would benefit by legislative review.