Melody L. Thomas, as Administratrix of the Estate of Kimberly Longe, Deceased, Appellant, v Consolidated Fire District No. 1 of Town of Niskayuna, Respondent, et al., Defendants.

Third Department, November 22, 1978

APPEARANCES OF COUNSEL

*A. Joseph Fazzone (Arnold M. Gordon* of counsel), for appellant.

*Friedman, Maksail & Hirschen (Harold Friedman* of counsel), for respondent.

## OPINION OF THE COURT

SWEENEY, J.

In this action it is alleged that plaintiff's intestate was fatally injured when she was struck by a privately owned automobile operated by a volunteer fireman of the defendant fire district while in the performance of his duties as a volunteer fireman. The accident allegedly occurred in Schenectady, New York. Defendant fire district moved for summary judgment on the ground that section 205-b of the General Municipal Law exempts it from liability in the present situation. Special Term granted the motion following argument and reargument and this appeal ensued.

Section 205-b of the General Municipal Law provides that a fire district shall be liable for the negligence of volunteer firemen in the operation of vehicles owned by the fire district upon the public streets and highways of the fire district while acting in the discharge of their duties. In the present case the volunteer fireman was driving a privately owned vehicle and the accident allegedly occurred outside of the fire district. Consequently, liability on the part of the fire district is not specifically provided for in section 205-b. The issue thus narrows to whether section 205-b limits the liability of a fire district to the exact circumstances delineated therein.

In a case dealing with a similar statute, section 50-c of the General Municipal Law, applicable to paid firemen, this court held that section 50-c was an exemption statute limiting the liability of a municipality to the operation of vehicles upon the public streets or highways of the municipality or fire district (*Cox v Village of Greenwich,* 33 AD2d 264). In our opinion, section 205-b is also an exemption statute limiting the liability of a fire district only to those situations provided therein. In view of the fact that here the vehicle was being operated outside the geographical limits of the fire district and was privately owned, the district is exempt from liability.

The instant case is clearly distinguishable from *Cox* and from the more recent case of *Cuddy v Town of Amsterdam* (62

AD2d 120) wherein the causes of action were sustained. Both of those cases dealt with the liability of a municipality for the negligent acts of a volunteer fireman whereas here we are concerned with the liability of a fire district pursuant to the restrictive language of section 205-b. In neither *Cox* nor *Cuddy* was there any statute specifically concerned with the liability of a town or village for the negligence of a *volunteer* fireman. In the present case, however, there is involved a statute specifically concerned with the liability of fire districts and we have determined that said statute exempts the fire district from liability herein. Special Term, therefore, properly granted summary judgment in favor of the defendant fire district.

The orders should be affirmed, without costs.

MAHONEY, P. J., GREENBLOTT, STALEY, JR., and LARKIN, JJ., concur.

Orders affirmed, without costs.