*105 OPINION OF THE COURT
George Beisheim, J.
In this action, the plaintiff Hyde Park Fire and Water District seeks a declaratory judgment, pursuant to CPLR 3001, to the effect that (1) it acted legally in employing Stephen J. Heupler; (2) the said district does not fall under the jurisdiction of the defendant, Dutchess County Department of Personnel (Civil Service Commission), and need not appoint from a civil service list; and (3) a declaration that it is found that it is under the jurisdiction of the defendant County Civil Service Commission and Stephen J. Heupler has, at that time, completed six months of employment and has received his class 3A certification, that plaintiff would have the right to appoint him a provisional water plant operator pending qualifying after examination. The defendants demand a declaration (1) that plaintiff fire and water district acted illegally in employing Stephen J. Heupler; (2) that plaintiff is under the jurisdiction of the County Civil Service Commission and must appoint from a civil service list; and (3) a declaration that since Stephen J. Heupler was not properly appointed in the first instance, the six months’ employment do not count for his qualification and he is, therefore, unqualified for the position and his provisional employment as water plant operator could not be made under civil service requirements.
Following public advertisement in December, 1977, the plaintiff employed Stephen J. Heupler on March 1, 1978, as a water plant operator trainee and he is still so employed. The defendants contend that plaintiff fire and water district falls under the provisions of the Civil Service Law and that any appointment had to be made from an existing civil service list and, furthermore, that such civil service list of eligible applicants for the position of water plant operator trainee was in existence as of March 1, 1978, and that the name of Stephen J. Heupler does not appear on such list.
The Hyde Park Fire and Water District was originally formed by legislative enactment of New York State under chapter 257 of the Laws of 1860. It was thereafter amended by chapter 711 of the Laws of 1954 and later by chapter 57 of the Laws of 1958. Section 2 of chapter 711 of the Laws of 1954 recites that plaintiff is a "district corporation” as defined in the Local Finance Law. Section 2.00 (subd 3, par [c]) of article 1 of the Local Finance Law defines the term "district corporation” as meaning any (other) territorial division of the State *106 which possesses the power to contract indebtedness in its own name and to levy taxes (powers which are specifically granted to plaintiff in its charter). In its most comprehensive interpretation, corporations may be classified as public or private depending upon the powers and authorities of a corporation and the general purpose of its creation. Public corporations are usually created for public purposes, supported by public funds and governed by parties deriving their authority from the government. Public corporations are divided under the General Construction Law into municipal, district, and public benefit corporations. (General Construction Law, § 66, subd 1.) Subdivision 3 of said section 66 defines a "district corporation” as including "any territorial division of the state, other than a municipal corporation, heretofore or hereafter established by law which possesses the power to contract indebtedness and levy taxes or benefit assessments upon real estate or to require the levy of such taxes or assessments, whether or not such territorial division is expressly declared to be a body corporate and politic by the statute creating or authorizing the creation of such territorial division.” (Added by L 1973, ch 451, § 1, eff Sept. 1, 1974.) This is to be distinguished from a public benefit corporation, as defined in subdivision 4 of section 66 of the General Construction Law which is a corporation organized, generally speaking, to construct a public improvement, not specifically taxable or chargeable to the taxpayers, not generally supported by public funds but is supported by those numbers of the general public who care to avail themselves of the use and benefit of any such facility. As such, and as distinguished from a district corporation, a public benefit corporation is considered separate and judicially distinct from the State, its political subdivisions and municipal corporations. (Matter of Bell v Manhattan & Bronx Surface Tr. Operating Auth., 81 Misc 2d 162.)
As was stated in Thomas v Consolidated Fire Dist. No. 1 of Town of Niskayuna (91 Misc 2d 651, 92 Misc 2d 1066), the town fire district is not a "municipality” but it is a territorial division of the State designated a "district corporation” and as such, like a municipal corporation, it has no independent sovereignty of its own. It is the considered opinion of this court that plaintiff herein is properly classified as (1) a public corporaton; (2) a district corporation; (3) a political subdivision of the State; (4) a territorial division of the State; and (5) a civil division of the State.
*107 The Constitution of the State of New York provides that "Appointments * * * in the civil service of the state and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations which, as far as practicable, shall be competitive”. (NY Const, art V, § 6.) The New York Civil Service Law provides that, "The civil service commission * * * of a county shall administer the provisions of [the Civil Serivce Law] * * * with respect to * * * the civil divisions” within the county (see Civil Service Law, § 17, subd 1). The defendant, Dutchess County Department of Personnel, thus becomes the Civil Service Commission, operating in the territorial area which encompasses the plaintiff fire and water district. It is the decision and declaration of this court that appointments and promotions of employees in the plaintiff fire and water district come under the mandates of the New York State Constitution and the New York Civil Service Law as concern not only past employees but future employments by said district. The board of trustees of plaintiff may not violate the provisions of the State Constitution nor may they sanction any violation thereof or of any violations of the New York State Civil Service Law which this court does herewith declare to be binding upon present and future appointments and promotion of employees of plaintiff.
In accordance with the foregoing, the original employment of Stephen J. Heupler was invalid from its inception and in violation of the provisions of the New York State Civil Service Law. It now becomes the duty of the appropriate governing body of plaintiff district corporation to cease the continuation of the employment of any individual or individuals, which employment was illegal in its inception.
The basic fact remains that Stephen J. Heupler commenced his employment on March 1, 1978, as water plant operator trainee, and presumably held that position for six months or more prior to the bringing of the instant action. It would appear reasonable that the hiring of said trainee was in preparation for the retirement of Water Treatment Plant Operator James J. Reilly, who did in fact retire from the position of water treatment plant operator on July 26, 1978, and, furthermore, that prior to his retirement and the hiring of Mr. Heupler as trainee, Mr. Reilly was one of only three employees of plaintiff district. Defendants contend that Mr. Heupler’s six months’ employment as a water treatment plant *108 operator trainee should not count for his qualifications to be appointed as a water treatment plant operator. While it most assuredly is not an influencing factor, much less a controlling factor, the court notes the total absence of any adverse comments or reflection upon Mr. Heupler’s capacity or ability to perform his present position as a water treatment plant operator trainee, nor is there the slightest indication that his successful completion of six months’ or more employment as trainee would not qualify him to perform the duties and responsibilities of a water treatment plant operator. The very purpose and objective of the New York State Civil Service Law is to give assurances to the citizenry that public positions will be filled by qualified and competent personnel. This court declines to ignore or to declare void the experience gained by Mr. Heupler since the inception of his employment as a water plant operator trainee. As mentioned previously, Mr. Heupler’s employment as a water plant trainee had a duration of more than six months at the time the present action was commenced. In Matter of Schmidtmann v Tofany (50 Misc 2d 698), it was decided that where petitioner brought an article 78 proceeding in the nature of mandamus to set aside the appointment of the respondent Goodno, as police lieutenant on the town police force, and where petitioner, in September of 1961, was aware of the fact that original appointment of Goodno as patrolman detective of the town police was based on erroneous use of veterans’ points, but petitioner did not challenge such allegedly illegal appointment until July of 1964 when respondent Goodno was appointed police lieutenant of the town police, petitioner was guilty of laches which would bar him from maintaining the present proceeding. In that action, petitioner had attempted to overcome the bar of laches by arguing that the original appointment of respondent Goodno as patrolman detective was in violation of section 6 of article V of the Constitution of the State of New York and that Goodno’s continuance in that position constituted a continuing failure to obey the Constitution. But the court rejected petitioner’s application on the basis of "untimeliness” and went on to say that it cannot reasonably be inferred that under all circumstances a petitioner can or may ignore the possibility that he may be barred by his own laches. In the present matter, the defendant, Dutchess County Department of Personnel, could have taken action to cause dismissal of Mr. Heupler at the inception of his illegal employment but failed to do so. This court will not declare Mr. Heupler’s *109 experience and qualifications gained as a result of such employment as being void at this time, thus declaring for the defendants that which they did not timely do themselves in the first instance.
Upon the papers submitted and due deliberation having been had thereon, it is the opinion of this court, and this court does hereby declare, as follows:
(1) That plaintiff did not act legally in the initial employment of Stephen J. Heupler.
(2) That employment and promotion of employees of plaintiff fire and water district does fall under the jurisdiction of the defendant Civil Service Commission and such appointments and promotions must be taken from a civil service list.
(3) That as of the date of the commencement of this action, and most assuredly as of the date of this decision by this court, that Stephen J. Heupler had completed six months of employment with plaintiff fire and water district, and upon Mr. Heupler receiving his class 3A certification, plaintiff does have the right to appoint him a provisional water treatment plant operator pending qualification after examination.
(4) This court does declare that Mr. Heupler’s six months’ employment as a water treatment plant operator trainee does qualify him and does count for his qualification and appointment as a water treatment plant operator.
(5) This court declines to declare that Mr. Heupler is unqualified for consideration for the position of water treatment plant operator and further declines to declare that his provisional appointment as such operator cannot be made under civil service requirements.