Hon. Anthony T. Vaccarello Chairman, Interstate Sanitation Commission
You have asked whether the New York members of the Interstate Sanitation Commission can be considered State employees entitled to defense and indemnification under section 17 of the Public Officers Law. Your question pertains only to the citizen members, not the ex officio members of the Commission.
Section 17 of the Public Officers Law provides for the defense and indemnification by the State of New York of State employees for acts or omissions committed in the performance of their duties. The term "employee" includes a person holding a position by election, appointment or employment in the service of the State, whether or not compensated (Public Officers Law, § 17[1][a]).
By way of background, we note that the Interstate Sanitation Commission (ISC) has its origin in a tri-state compact first entered into by the states of New York, New Jersey and Connecticut in 1936 (Environmental Conservation Law, § 21-0501). The compact is a cooperative effort to reduce and control pollution in the waters of New York harbor and its environs. Article I of the compact provides, inter alia:
 "Each of the signatory states pledges each to the other faithful cooperation in the control of future pollution and agrees to provide for the abatement of existing pollution in the tidal and coastal waters in the adjacent portions of the signatory states defined herein as coming within the district . . ." (Environmental Conservation Law, § 21-0501; see also, id., § 21-0525 [standards with regard to air pollution]).
The waters of the district extend from Sandy Hook on the New Jersey coast to include all of New York harbor; north on the Hudson River to the northerly boundaries of Westchester and Rockland Counties; easterly into Long Island sound to the New Haven, Connecticut shore; to Port Jefferson on the north shore of Long Island; and along the south shore of Long Island extending easterly to Fire Island inlet.
The compact establishes an Interstate Sanitation Commission, described as "a body corporate and politic" to exercise the powers and carry out the duties set forth in the compact (id., § 21-0501). The ISC is authorized to enact regulations establishing minimum standards for water quality throughout the district (id., § 21-0501; 21 NYCRR §§ 550,et seq.). Section 21-0507 of the Environmental Conservation Law gives the ISC authority to bring proceedings to enforce compliance with the regulations and any other laws regarding water pollution.
The ISC consists of fifteen commissioners — five from each state — who are appointed and serve in accordance with the laws of the individual state. In New York, four of the commissioners are appointed by the Governor, and the fifth, the Commissioner of Environmental Conservation, sits ex officio (Environmental Conservation Law, §21-0503). The ISC maintains offices in New York City and employs approximately 20-25 persons on its staff. The budget of the Commission is funded jointly by the three participating states (id., § 21-0501 [Tri-State Compact, Art XIV]). The cost of operating the Commission is shared by New York, New Jersey and Connecticut pursuant to a formula set forth in the interstate compact. New York and New Jersey each contribute 45% of the total operating expense, with Connecticut contributing the remaining 10% (ECL, § 21-0501). The appropriation by New York State is set forth as a separate line item within the budget of the New York State Department of Environmental Conservation.
The ISC is unique. It does not fit neatly into any of the categories of corporations established by New York law. The ISC is not denominated as a public benefit corporation as defined in the General Construction Law (General Construction Law, § 66).*
The ISC derives its identify from the provisions of an interstate compact to which New York is a party. The New York members of the Commission participate in a joint effort to reduce and control pollution in the New York metropolitan region. The members carry out the obligations of New York State pursuant to the compact, to which New York is a direct party.
Counsel to the Commission has informed us that each employee of the Commission is a member of both the New York and New Jersey state retirement systems in proportion to each state's contribution to the Commission's overall budget. For each year of service, New York provides retirement benefits based on 45% of each employee's salary, which reflects the State's percentage of support of the Commission's budget.
Based on the above factors, we conclude that the ISC is a State agency for section 17 purposes and its New York members are entitled to defense and indemnification under this section. The Commission provides its services by carrying out the obligations of New York State — not some separate entity — under the terms of the interstate compact. Since the State is a direct party to the compact, it funds the Commission within DEC's budget, contributes on behalf of the Commission's employees to the retirement system and has not, by means of legislation, created the Commission as a separate entity, the Commission's actions are actions of the State as a compact member.
We conclude that the New York citizen members of the Interstate Sanitation Commission are State employees for purposes of defense and indemnification under section 17 of the Public Officers Law.
* Public benefit corporations are separate and distinct from New York State (Hyde Park Fire and Water District v County of Dutchess,97 Misc.2d 104 [Sup Ct, Dutchess Co, 1978]; Bell v Manhattan and BronxSurface Transit Operating Authority, 81 Misc.2d 162 [Sup Ct, Sp Term, Bronx Co, 1974]). In the absence of express statutory authority, their directors and employees are not entitled to defense and indemnification under section 17.