**Edward T. DINGLER**
v.
**HALCYON LIJN N. V.**
v.
**Ben BROWN.**
**Civ. A. No. 69–236.**

United States District Court
E. D. Pennsylvania.
Oct. 20, 1969.

Arnold C. Grossman, Fine, Staud, Silverman & Grossman, Philadelphia, Pa., for plaintiff.

Clayton H. Thomas, Jr., Marshall, Dennehey & Warner, Philadelphia, Pa., for defendant.

Martin J. Vigderman, Freedman, Borowsky & Lorry, Philadelphia, Pa., for third-party defendant.

## OPINION AND ORDER

WOOD, District Judge.

Before us is a motion to dismiss a third-party complaint. The plaintiff in the initial action is a longshoreman who seeks damages from the shipowner for injuries sustained while working on shipboard. The shipowner has now filed a

third-party complaint alleging that the injuries for which the plaintiff seeks damages in the primary action were caused in whole or in part by the "negligence and carelessness" of the third-party defendant, a fellow longshoreman.

█ The question of whether the shipowner may recover over against a fellow longshoreman for negligence under these circumstances is apparently one of first impression with this Court. After thorough consideration for a number of reasons we agree with the third-party defendant that the third-party complaint must be dismissed. First, we think that Congress in amending Section 933 of the Longshoremen's and Harbor Workers' Compensation Act, 73 Stat. 391, 33 U.S.C. § 933, intended to immunize fellow longshoremen from suits for negligence in connection with their shipboard duties. Section 933 as amended provides as follows:

"(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer or a person or persons in his employ is liable in damages, he need not elect whether to receive such compensation or to recover damages against such third person."

The purpose of the amendment which inserted the phrase "or a person or persons in his employ" was as stated by the Senate Committee:

"The other major provision of the bill relates to the immunization of fellow employees against damage suits. The rationale of this change in the law is that when an employee goes to work in a hazardous industry he encounters two risks. First, the risks inherent in the hazardous work and second, the *risk that he might negligently hurt someone else and thereby incur a large common-law damage liability*. While it is true that this provision limits an employee's rights,

it would at the same time expand them *by immunizing him against suits where he negligently injures a fellow worker*. It simply means that rights and liabilities arising within the 'employee family' will be settled within the framework of the Longshoremen's and Harbor Workers' Compensation Act." (Emphasis supplied) U. S. Code Congressional and Administrative News, 86th Congress, First Session, Vol. 2, p. 2135 (1959)

We cannot conclude that Congress intended here to immunize longshoremen from suits by other longshoremen but not from potentially more burdensome suits by the shipowner to recover over. Such a conclusion finds support in the general judicial policy against shifting the responsibility for loss from the shipowner to the worker. The shipowner is in a much better position to bear and spread the cost of injuries sustained in the course of employment. See Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946); Johnson v. Partrederiet Brovigtank v. Standard Terminal Stevedoring, Inc., 202 F.Supp. 859 (S.D.N.Y.1962).

█ Secondly, a fellow longshoreman could not be liable on a theory of contribution, because maritime law does not recognize the right to contribution between joint tort feasors except in collision cases. Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952). Likewise, there can be no indemnity in this case, because such indemnity must arise out of a contract between the parties and there is no contract here. Ryan Stevedoring Co., Inc. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); Weyerhaeuser SS Co. v. Nacirema Operating Co., Inc., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958).

Finally, in many cases, even though the fellow longshoreman could not possibly pay a verdict rendered against him, a shipowner might be tempted to file a

third-party complaint against a fellow longshoreman primarily to confuse the issue before the jury. See United States v. Gilman, 347 U.S. 507, 74 S.Ct. 695, 98 L.Ed. 898 (1954); Goodhart v. United States Lines Co., 26 F.R.D. 163 (S.D. N.Y.1960); Buchholz v. Michigan Motor Freight Lines, 19 F.R.D. 407 (E.D.Mich. 1956).

Accordingly, the third-party complaint must be dismissed.