JAMES CUDDY et al., Respondents, v TOWN OF AMSTERDAM, Appellant, et al., Defendants. (Action No. 1.)

DOUGLAS BRADSHAW et al., Respondents, v TOWN OF AMSTERDAM, Appellant, et al., Defendants. (Action No. 2.)

BETTY C. BARTLETT et al., Respondents, v TOWN OF AMSTERDAM, Appellant, et al., Defendants. (Action No. 3.)

Third Department, April 13, 1978

### APPEARANCES OF COUNSEL

*Salmon & Wilkinson (James F. Salmon* of counsel), for appellant.

*Michael Raphael* for James Cuddy and others, respondents.

*Vicinanzo & Wollman (Paul L. Wollman* of counsel), for Betty C. Bartlett and another, respondents.

### OPINION OF THE COURT

LARKIN, J.

The actions which are the subject of this appeal all arose as the result of an automobile collision which plaintiffs allege was caused by the negligence of defendant, Howard Lee, a volunteer fireman. The question presented is whether the defendant, Town of Amsterdam, may be held liable for Lee's negligence. Special Term held that valid causes of action had been stated. We agree.

Pursuant to section 170 of the Town Law, a town is authorized to establish fire districts, fire alarm districts and fire protection districts for the benefit of town residents. The Town of Amsterdam exercised this authority by establishing the defendant, Cranesville Fire Protection District. By the terms of subdivision 1 of section 184 of the Town Law, upon the establishment of such district, the town board "shall provide for the furnishing of fire protection within the district and for that purpose may contract with any city, village, fire district or incorporated fire company maintaining adequate and suitable apparatus and appliances for the furnishing of fire protection in such district". Accordingly, the Town of Amsterdam entered into a contract with the defendant, Cranesville Volunteer Fire Department, Inc., whereby the latter agreed to

provide fire protection within the Cranesville Fire Protection District.

The accident occurred while defendant Lee, as a member of the Cranesville Volunteer Fire Department, Inc., was in the process of responding to a mutual aid call from the defendant, Hagaman Fire Department, Inc., to a fire within the defendant, Village of Hagaman. The defendant Lee was driving his private automobile at the time of the collision. The accident took place in the City of Amsterdam, which is not a part of the defendant town. The Village of Hagaman is an incorporated village within the defendant town, but not a part of the Cranesville Fire Protection District. Its fire protection was provided under a contract with the Hagaman Fire Department, Inc.

■ In sustaining the causes of action against the defendant, Town of Amsterdam, Special Term relied largely upon our decision in *Cox v Village of Greenwich* (33 AD2d 264), in which, under very similar facts and circumstances, we sustained a complaint against the Village of Greenwich based upon alleged negligence by a volunteer fireman in operating his automobile while discharging his duties. The *Cox* case is distinguishable to the extent that the volunteer fireman was a member of the village fire department, under quite direct control by the village through the board of fire commissioners (see present article 10 of the Village Law, which recodified the law as it existed at the time of the accident therein). By the terms of section 1402 (subd [e], par [1]) of the Not-for-Profit Corporation Law, however, a fire corporation such as the Cranesville Volunteer Fire Department, Inc., herein, is "under the control of the city, village, fire district or town authorities having, by law, control over the prevention or extinguishment of fires therein". This statutory mandate answers the defendant town's primary contention that as a separate corporate entity the Town of Amsterdam "cannot be held liable for the wrongful acts of a person over whom it has no control or supervision and who is not an employee, servant or agent of the Town of Amsterdam".

■ The sole remaining major distinction between *Cox* and the instant case is that the accident herein occurred outside the municipal corporation being sued. It is undisputed, however, that the volunteer fireman was in the process of answering a mutual aid call when his vehicle collided with that of the plaintiffs. Subdivision 1 of section 209 of the General

Municipal Law, which authorizes outside service by local fire departments and companies, provides in part: "While responding to a call for assistance [outside the area regularly served] a city, village, fire district or town shall be liable for the negligence of firemen of the city fire department, village fire department, fire district fire department or town fire department, respectively, occurring in the performance of their duties in the same manner and to the same extent as if such negligence occurred in the performance of their duties within the area regularly served and protected by such departments." Clearly, as long as defendant Lee was in the course of performing a statutorily authorized duty of providing mutual aid as a member of his volunteer fire company, the place of the accident is irrelevant.

The order should be affirmed, without costs.

SWEENEY, J. P., KANE, STALEY, JR., and MIKOLL, JJ., concur.

Order affirmed, without costs.