OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs. The question certified is not answered, as unnecessary.
The Longshoremen’s and Harbor Workers’ Compensation Act provides that an employer’s obligation to compensate an employee under the act “shall be exclusive and in place of all other liability of such employer to the employee * * * and anyone otherwise entitled to recover damages from such employer at law * * * on account of such injury” to the employee (US Code, tit 33, § 905, subd [a]). Plaintiff, an employee of the third-party defendant, Atlantic Repair Co., Inc., received an award of compensation on January 12, 1981, pursuant to a compensation order under the act (see US Code, tit 33, § 919) obligating Atlantic and the State Insurance Fund to provide certain payments to plaintiff. This compensation order precludes defendant Horowitz from maintaining this third-party action for contribution against plaintiff’s employer (see Cooper Stevedoring Co. v Kopke,Inc., 417 US 106; Atlantic Coast Line R.R. Co. v Erie Lackawanna R.R. Co., 406 US 340; Halcyon Lines v Haenn Ship Corp., 342 US 282; US Code, tit 33, § 905, subd [a]).
Defendant claims that there is no bar to his third-party claim for contribution. He argues that he may not be bound by the Federal award because he was afforded no notice of or opportunity to appear at the administrative proceeding. Defendant further contends that the award was improperly made because the provisions of the act are inapplicable to plaintiff’s injuries as they did not occur in circumstances covered by the act (see US Code, tit 33, § 903, subd [a]).
*645 It is true that the principle of collateral estoppel does not apply here to bar the claim because defendant was not a party or in privity with a party to the proceeding before the Federal agency. In addition, the record does not indicate that he had a fair and full opportunity to litigate the issue before the agency because he had no notice of the proceeding (see S. T. Grand, Inc. v City of New York, 32 NY2d 300, 304). Defendant, however, may not properly controvert the award in a State court. The exclusive means for setting aside Federal compensation orders is by way of an administrative or judicial proceeding in a Federal forum pursuant to the provisions of the act (see Dantes v Western Foundation Corp. Assn., 614 F2d 299, 300; US Code, tit 33, § 921, subds [c], [e]).* Thus, Atlantic’s motion to dismiss the third-party complaint was properly granted.
It was also proper to dismiss the third-party complaint as to Bacolo and Decker Tank & Equipment Company. As plaintiff’s coemployee, Bacolo is immune from any suit for contribution based upon injuries he may have caused to plaintiff (see Dingler v Halcyon Lijn N.V., 305 F Supp 1, 2 [citing US Code Cong & Admin News, 1959,86th Cong, 1st Sess, vol 2, p 2135]; US Code, tit 33, § 933, subd [a]). Decker Tank was sued, as the owner of the leased truck, on the theory that it was vicariously liable for the driver’s negligence. Inasmuch as the driver, Bacolo, is statutorily immune from suit, there can be no liability imputed to Decker Tank and no action can be sustained against it (see Naso v Lafata, 4 NY2d 585; Rauch v Jones, 4 NY2d 592; Albarran v City of New York, 56 AD2d 822).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in memorandum.
Order affirmed, etc.

 Similarly, the exclusive means for setting aside a State compensation order, which is operating to bar recovery in a State court action, is in a proceeding before the State Workers’ Compensation Board and it is the plaintiff who must plead and prove the unavailability of workers’ compensation benefits or insurance (see O’Connor v Midiria, 55 NY2d 538, 541; Werner v State of New York, 53 NY2d 346, 355; O’Rourke v Long, 41 NY2d 219, 226).