■ ALBERT LINARES, Appellant, v SPENCER-CAMERON LEASING CORP., Respondent, and TIME MOVING AND STORAGE, Third-Party Defendant-Respondent.—In an action to recover

damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Held, J.), dated February 13, 1985, as granted the separate motions of the defendants for summary judgment dismissing the complaint and failed to grant his cross motion to amend his complaint and bill of particulars.

Order and judgment affirmed insofar as appealed from, with costs to the defendant Time Moving and Storage.

The plaintiff was an employee of Time Moving and Storage at the time of the accident. He was a passenger in a vehicle which had been leased by his employer, and which was driven by a coemployee at the time of the accident. Trial Term properly granted summary judgment to Time Moving and Storage on the ground that the Workers' Compensation Law provided the plaintiff's exclusive remedy. The plaintiff was clearly barred from suing his employer, by virtue of the Workers' Compensation Law. Further, the summary judgment motion of the defendant Spencer-Cameron Leasing Corp. was properly granted on the basis that the Workers' Compensation Law is the exclusive remedy when an employee is a passenger in a vehicle driven by a coemployee and is injured by the coemployee's negligence, and no active negligence is alleged against the owner of the vehicle *(see, Naso v Lafata,* 4 NY2d 585; *Rauch v Jones,* 4 NY2d 592).

Trial Term did not abuse its discretion in denying the plaintiff's cross motion to amend his complaint and bill of particulars to change the theory of his case nearly four years after inception of the lawsuit and after all discovery had been completed *(see, McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755; *Wyso v City of New York,* 91 AD2d 661; *Woodhouse, Drake & Carey v Anderson,* 61 Misc 2d 951). Lazer, J. P., Mangano, Lawrence and Eiber, JJ., concur.