■ ROBERT CONTRERAS, Respondent, v ALLSTATE INSURANCE Co., INC., Appellant.—In an action to recover under an automobile insurance policy providing collision coverage, the defendant insurer appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Marbach, J.), dated June 26, 1985, which is in favor of the plaintiff and against it in the principal sum of $11,592.

Ordered that the order and judgment is affirmed, with costs.

The trial court properly denied the defendant's motion to dismiss the complaint at the conclusion of the plaintiff's case. When viewed in the light most favorable to the plaintiff, the evidence established that he owned the automobile in question at the time the accident occurred (see, Cotgreave v Public Administrator, 91 AD2d 600). Where the documents proffered by the plaintiff show that he is the owner of an automobile, the defendant must come forward with some evidence to rebut the presumption of ownership (cf. Fulater v Palmer's Granite Garage, 90 AD2d 685; Young v Seckler, 74 AD2d 155). Since the defendant failed to present evidence to the contrary, the presumption of the plaintiff's ownership must stand.

Further, the trial court properly denied the defendant's motion pursuant to CPLR 3025 (b) to amend the answer. The addition of a new defense of fraud after the plaintiff rested his case clearly would have prejudiced the plaintiff's ability to

meet the allegations *(see, Linares v Spencer-Cameron Leasing Corp.,* 121 AD2d 606; *Fulford v Baker Perkins,* 100 AD2d 861). Moreover, the facts constituting the alleged fraud were set forth in the plaintiff's bill of particulars dated June 9, 1983, and, thus, were known to the defendant for two years prior to the trial. Therefore, it cannot be said that the trial court abused its discretion in not permitting the amendment at such a late stage.

The defendant's other contentions are similarly without merit. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.