■ SARAH S. KNAPP et al., Appellants, v UNION VALE FIRE COMPANY, INC., Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated February 20, 1987, as upon granting the motion of the defendant Union Vale Fire Company, Inc., for summary judgment, dismissed the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

This action against the defendant Union Vale Fire Company, Inc. (hereinafter Fire Company) arises out of an automobile accident which involved a volunteer firefighter who was a member of the Fire Company. The complaint essentially alleged that the firefighter, while operating her vehicle in a northerly direction on Route 82 in Dutchess County in response to an emergency call from the Fire Company, negligently collided with a vehicle operated by the plaintiff Sarah S. Knapp which was traveling in the opposite direction on the roadway. The plaintiffs also commenced separate actions against the individual volunteer firefighter and the Union Vale Fire District (hereinafter Fire District). The Supreme Court, Dutchess County, granted the Fire Company's motion for summary judgment, reasoning that the Fire Company was an improper party because it could not be held answerable for the negligence of individual firefighters. We agree with this conclusion and accordingly affirm.

While the doctrine of vicarious liability applies to municipal entities in the area of firefighting (see, e.g., Thomas v Consolidated Fire Dist. No. 1, 50 NY2d 143; Cuddy v Town of Amsterdam, 62 AD2d 119), the theory underlying the application of such liability is that the individual firefighter is an employee or agent of, or is otherwise under the control and supervision of, the entity sued. In this case, the Fire Company cannot be said to exercise any degree of control as would subject it to liability for the negligent acts committed by a firefighter during the execution of his or her duties, as it is the Fire District rather than the Fire Company which employs, supervises and controls the individual firefighters. Indeed, Town Law § 174 (7) expressly sets forth this employer-employee relationship as follows: "The officers and employees of a fire district, including the paid and volunteer members of the fire department thereof, are officers and employees of such

fire district and are not officers and employees of any other political subdivision."

In addition to the fact that the Fire Company is not the employer of firefighters, other statutory provisions make clear that the Fire Company is essentially under the complete control of the Fire District; that the Fire District rather than the Fire Company is responsible for the prevention and extinguishment of fires; that the Fire District possesses virtually total supervision and control over all aspects of the creation and staffing of fire companies as well as over the rules and regulations governing firefighting practices and procedures; and that the Fire District is answerable for the negligence of its firefighters committed in the course of their duties (see, Not-For-Profit Corporation Law § 1402 [e] [1]; Town Law § 176; General Municipal Law § 205-b). These provisions establish that individual volunteer firefighters are controlled by and act as the employees and agents of the Fire District; hence, the Fire Company herein cannot be held vicariously liable for the alleged negligence of the firefighter in this case and the complaint was properly dismissed. Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.