JOHN C. NELSON, JR., et al., Plaintiffs, v RICHARD G. GARCIA et al., Appellants, and TOWN OF HOLLAND, Respondent, et al., Defendants.

RICHARD GARCIA et al., Third-Party Plaintiffs-Appellants, v GARY TILLINGHAST et al., Third-Party Defendants. (And Three Other Actions and Third-Party Actions.) (Appeal No. 2.)

Fourth Department, November 15, 1989

## APPEARANCES OF COUNSEL

*O'Shea, Reynolds, Napier, Quinn & Cummings (Kenneth R. Kirby* of counsel), for Richard G. Garcia and others, appellants.

*Smith, Murphy & Schoepperle (Robert J. Whetzle* of counsel), for respondent.

## OPINION OF THE COURT

DENMAN, J.

In these four consolidated actions seeking to recover for personal injuries sustained in a multiple vehicle accident, the

court properly granted the motion of the Town of Holland for summary judgment dismissing all claims, cross claims, and third-party claims against it. Those claims seek to impose direct or vicarious liability upon the town on the theories that it owned the ambulance involved in the accident, that it employed the volunteer fireman who was driving the ambulance, and that it provided the ambulance service. We agree with the court that there is no basis for imposing responsibility upon the town on any of the theories of liability advanced by appellants.

The court properly determined that the town is not liable pursuant to Vehicle and Traffic Law § 388, the owners' financial responsibility statute. The statute imposes vicarious liability, which by its very nature cannot be imposed upon the owner unless there is liability on the part of the driver. Thus, the immunity of the driver immunizes the owner against a claim of vicarious liability *(see, Kenny v Bacolo,* 61 NY2d 642, 645; *Ulysse v Nelsk Taxi,* 135 AD2d 528, 530, *lv denied* 73 NY2d 702; *Sikora v Keillor,* 17 AD2d 6, 7-8, *affd* 13 NY2d 610). Here, the volunteer fireman who was driving the ambulance has statutory immunity for his acts of ordinary negligence *(see,* General Municipal Law § 205-b). Consequently, the town has no vicarious liability as owner of the ambulance *(Sikora v Keillor, supra).*

■ We reject the contention that the town is liable under the doctrine of respondeat superior. In pressing that claim, appellants rely on General Municipal Law §§ 50-a, 50-b and 205-b, which provide that a town is liable for the negligence of a town "appointee" while operating a municipally owned vehicle in the discharge of his duties. Those sections do not impose liability on the town because the ambulance driver was not an appointee of the town. Analysis of this issue requires an understanding of the distinction between "fire protection districts" and "fire districts". In establishing the former, a town expressly assumes the duty to provide fire protection within such fire protection district. No independent entity is created thereby; the town controls the district's operations; "members" of the district* are deemed officers, employees, or appointees of the town; and the town is liable for any negligence on the part of such members, including negligence in the operation of fire trucks or ambulances *(see,*

* I.e., paid and volunteer members of any fire departments established within the fire protection district.

General Municipal Law §§ 50-a, 50-b, 205-b; Town Law § 184; Not-for-Profit Corporation Law § 1402 [e] [1]; *see generally, Cuddy v Town of Amsterdam,* 62 AD2d 119).

In contrast, where a town establishes a fire district, it creates a wholly independent political subdivision whose "members", including its volunteer firemen, are employees of the district and not of the town (Town Law § 174 [1] [a]; [2], [7]; § 176 [10], [11], [18-a]; § 176-b [1], [2]). Under those statutes, the fire district rather than the town appoints its own members, furnishes fire and ambulance service and is liable for negligence on the part of its members, including their negligent operation of vehicles *(see, Knapp v Union Vale Fire Co.,* 141 AD2d 509). A fire district is empowered to insure itself against liability and may use its independent taxing power to pay claims against it (Town Law § 176 [18], [19], [28], [30]). The interplay of those statutes compels the conclusion that a town is not liable on the theory of respondeat superior for the negligence of a volunteer fireman in the employ of a fire district. Because the record makes clear that the town created a fire district with its own powers and liabilities, and because it is not disputed that the ambulance driver was a member of the fire district and was fulfilling his official duties at the time of the accident, the court correctly dismissed those claims that are based on the theory that the fireman is a town appointee.

■ Finally, the court properly rejected appellants' claim that the town, rather than the fire district, provided ambulance service. The statutes authorize ambulance service to be established only by "authorities having control of fire departments and fire companies" (General Municipal Law § 209-b [1] [a]). Such authorities include a fire district, but include a town only if it maintains its own fire department, i.e., a town in which there is no fire district already providing such service *(see,* General Municipal Law § 209-b [1] [b]; [2] [a], [b]; *see also,* Town Law § 176 [10], [16], [22]). Where there is a fire district already providing such service, a town may not usurp the responsibilities of the fire district by providing ambulance service. Thus the town was not the provider of ambulance service in this case, notwithstanding its nominal ownership of the ambulance. Moreover, the record does not support the assertion that the town provided ambulance service. The town agreed merely to purchase and supply the ambulance to the fire district, which in turn agreed to provide emergency and

rescue services. The town ordered the ambulance to the fire district's specifications, delivery was made directly to the fire district, and the fire district possessed, inspected, maintained and operated the ambulance at all times.

CALLAHAN, J. P., BOOMER, BALIO and LAWTON, JJ., concur.

Order unanimously affirmed, without costs.