■ Bruno Zarkower et al., Appellants, v R.H. Macy & Co., Inc., et al., Respondents.—Order, Supreme Court, New York County (Edward Greenfield, J.), entered on May 11, 1990, unanimously affirmed for the reasons stated by Edward Greenfield, J., with costs. No opinion. Concur—Sullivan, J. P., Carro, Milonas, Asch and Kassal, JJ.

■ Washington Rascoe et al., Respondents, v Riteway Rentals, Appellant and Third-Party Plaintiff, et al., Third-Party Defendant.—Order, Supreme Court, Bronx County (Howard Silver, J.), entered October 19, 1990, which denied defendant/third-party plaintiff's motion for summary judgment, unanimously affirmed, without costs.

Plaintiff, employed as a truck driver by third-party defendant, was injured in an accident in the course of his employment, when the rental truck on which he was riding as a passenger, which was being driven by a co-employee, skidded off the roadway and struck a guardrail. It is alleged that the truck, owned by defendant, was not equipped with seat belts on the passenger's side.

Defendant's motion for summary judgment was properly denied. (See, Rennie v Barbarosa Transp., 151 AD2d 379.) Workers' Compensation Law § 29 (6) does not provide a complete defense where, in addition to the negligence of a co-employee, there are allegations of affirmative negligence by the third-party (Carpenter v Miller, 132 AD2d 859). Defendant/third-party plaintiff has failed to show as a matter of law that there is no triable issue of fact as to the presence of seat belts on the passenger side of the truck in which the plaintiff was injured.

We have reviewed defendant/third-party plaintiff's additional arguments, and find them to be without merit. Concur —Rosenberger, J. P., Ellerin, Smith and Rubin, JJ.