■ EINAR CHRISTIANSEN et al., Appellants, v SILVER LAKE CONTRACTING CORP., Doing Business as SILVER LAKE LANDSCAPING CONTRACTORS, et al., Respondents. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Burrows, J.), dated October 24, 1990, which granted the defendants' motions for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof which granted the motion of the defendant Silver Lake Contracting Corp. for summary judgment, and dismissed the complaint insofar as it is asserted against that defendant, and substituting therefor a provision denying that motion, and severing the action against it, and (2) by adding a provision thereto converting the cross claim of Silver Lake Contracting Corp. for contribution and indemnifi-

cation against the defendant Anthony P. Abbondola into a third-party complaint for contribution and indemnification, and deeming the answer of the defendant Anthony P. Abbondola, including its cross claims for contribution and indemnification against Silver Lake Contracting Corp., an answer to the third-party complaint; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Einar Christiansen was injured when he was struck by a truck which was owned by defendant Silver Lake Contracting Corp. (hereinafter Silver Lake) and which was being operated by the defendant Anthony P. Abbondola. In support of his motion for summary judgment, Abbondola submitted proof in evidentiary form which established that at the time of the accident both he and Christiansen were working in the course of their employment with the third-party defendant Argento & Sons. Since the plaintiff failed to demonstrate any issue of fact in this regard, Abbondola was entitled to summary judgment dismissing the complaint insofar as it is asserted against him pursuant to his affirmative defense based on Workers' Compensation Law § 29 (6) *(see, Naso v Lafata,* 4 NY2d 585; *Rauch v Jones,* 4 NY2d 592; *DiSpigna v Lutheran Med. Ctr.,* 170 AD2d 645; *Mera v Adelphi Mfg. Co.,* 160 AD2d 781; *Linares v Spencer-Cameron Leasing Corp.,* 121 AD2d 606; *Albarran v City of New York,* 56 AD2d 822; *Chadwick v Clark,* 19 AD2d 679).

In light of Abbondola's immunity from direct liability to the plaintiffs, Silver Lake may not be held vicariously liable for Abbondola's negligence *(see, Naso v Lafata, supra; Rauch v Jones, supra; Jaglall v Supreme Petroleum Co.,* 185 AD2d 971; *Ulysse v Nelsk Taxi,* 135 AD2d 528; *Linares v Cameron Leasing Corp., supra).* However, the complaint in this case includes allegations that, if proved, would permit a finding of liability against Silver Lake based on its independent negligence in failing to properly equip and maintain the truck *(e.g., Rascoe v Riteway Rentals,* 176 AD2d 552 [lack of seatbelts]; *see also, Cunningham v Lynch-Davidson Motors,* 425 So 2d 131 [Fla]; *Briggs v Morgan,* 318 SE2d 878 [NC]). In its cross motion, Silver Lake failed to show, by competent proof, its entitlement to judgment as a matter of law on this theory.

In accordance with the foregoing, the plaintiffs' complaint should be reinstated as to Silver Lake, the cross claims asserted by Silver Lake should be deemed a third-party complaint, and Abbondola's answer with cross claims should be deemed an answer to the third-party complaint.

We have examined the appellants' remaining contentions

and find them to be without merit. Mangano, P. J., Bracken, Sullivan and O'Brien, JJ., concur.