■ PATRICIA HOUSTON, Appellant, v AVIS RENT A CAR SYSTEMS, INC., et al., Respondents. [619 NYS2d 640] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Oshrin, J.), entered May 25, 1993,

which granted the motions of the defendants for summary judgment dismissing the complaint, and dismissed the action.

Ordered that the order and judgment is affirmed, with one bill of costs.

The instant action arose when the plaintiff was injured while riding as a passenger in a vehicle driven by her coemployee, the defendant Caracciolo, during a business trip in Georgia. Both the plaintiff and Caracciolo are New York residents and the plaintiff received New York Workers' Compensation benefits. The owner of the car, the defendant Avis Rent A Car Systems, Inc. (hereinafter Avis), is incorporated in New York but the vehicle was registered in Georgia.

The Supreme Court correctly held that under New York law, the plaintiff cannot recover against Avis for the negligence of Caracciolo, who is statutorily immune from suit under the Workers' Compensation Law (see, Kenny v Bacolo, 61 NY2d 642; Jaglall v Supreme Petroleum Co., 185 AD2d 971, 972; Knach v Weiss, 176 AD2d 564).

Furthermore, it is clear that Georgia law would not hold Avis vicariously liable for the negligence of Caracciolo under the circumstances of this case (see generally, Wingard v Brinson, 212 Ga App 640, 442 SE2d 485; Thomason v Harper, 162 Ga App 441, 289 SE2d 773; Graham v Cleveland, 58 Ga App 810, 200 SE 184).

Since we agree with the conclusion arrived at by the Supreme Court that the defendant Avis was not liable under either New York or Georgia law, we decline to reach the choice of law issue. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.