■ CONO DELIO, JR., et al., Respondents, v PERCOM EQUIPMENT RENTAL CORP., Formerly Known as DEPER EQUIPMENT RENTAL CORP., Defendant and Third-Party Plaintiff-Appellant, et al., Third-Party Defendant. [671 NYS2d 109] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff Percom Equipment Rental Corp. appeals from an order of the Supreme Court, Kings County (Belen, J.), dated March 3, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Cono Delio, Jr., who was employed by the third-party defendant Perez Interboro Asphalt Co. (hereinafter Perez Interboro), allegedly sustained injuries during the course of his employment when the lever which activated the tailgate of a dump truck struck him in the head. The truck was owned by the defendant third-party plaintiff Percom Equipment Rental Corp., f/k/a Deper Equipment Rental Corp. (hereinafter Percom), and rented to Perez Interboro. According to the rental arrangement, Perez Interboro was responsible for inspecting, maintaining, and repairing the equipment which it rented from Percom. The plaintiffs commenced this action against Percom, alleging negligent maintenance and repair of the truck.

The Supreme Court denied Percom's motion for summary judgment dismissing the complaint, reasoning that Perez Interboro's immunity from liability under the Workers' Compensation Law did not shield Percom from liability for any independent negligence by Percom in the maintenance and repair of its vehicles. Despite the Supreme Court's proper reasoning regarding immunity under the Workers' Compensation Law (*see, e.g., Houston v Avis Rent A Car Sys.*, 209 AD2d 583; *Christiansen v Silver Lake Contr. Corp.*, 188 AD2d 507), Percom is nonetheless entitled to summary judgment. Perez Interboro was responsible for maintenance and repair of the vehicle in

question under the terms of its rental arrangement with Percom, and the plaintiffs offered no more than bare assertions of negligence by Percom (*see, Jaglall v Supreme Petroleum Co.,* 185 AD2d 971; *see also, Zuckerman v City of New York,* 49 NY2d 557, 562).

In light of our determination, we need not consider Percom's remaining contention. Copertino, J. P., Pizzuto, Santucci and Krausman, JJ., concur.