■ TRINIDAD RODRIGUEZ et al., Appellants, v LODATO RENTAL, INC., et al., Respondents. [701 NYS2d 83] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated January 4, 1999, which denied their motion to dismiss the defendants' sixth and seventh affirmative defenses and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs allegedly were injured when the van in which they were riding as passengers was involved in an accident. It is undisputed that the driver of the van, the defendant Belarmino Rodriguez, was a coemployee of the plaintiffs. Therefore, he is immune from suit pursuant to Workers' Compensation Law § 29 (6). In addition, since the driver is statutorily immune from suit, the defendant Lodato Rental, Inc., the owner of the van, cannot be held vicariously liable, but may only be held liable for its own independent negligence (*see, Delio v Percom Equip. Rental Corp.*, 249 AD2d 354; *Houston v Avis Rent A Car Sys.*, 209 AD2d 583; *Jaglall v Supreme Petroleum Co.*, 185 AD2d 971). Here, after the defendants made out a prima facie case for summary judgment, the plaintiffs failed to come forward with admissible evidence to create an issue of fact as to whether Lodato Rental, Inc., was independently negligent. Thus, the defendants were entitled to summary judgment dismissing the complaint (*see, Jaglall v Supreme Petroleum Co., supra*). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.