■ TONY NGUYEN, Respondent, v NEROC, INC., et al., Appellants, et al., Defendant. [777 NYS2d 308]—

In an action to recover damages for personal injuries, the defendants Neroc, Inc., and Ray Perry appeal from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated February 23, 2001, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Ray Perry and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, the complaint is dismissed insofar as asserted against the defendant Ray Perry, and the action against the remaining defendants is severed.

On June 10, 1997, the plaintiff allegedly sustained personal injuries when a machine fell on him. At the time of the accident, the plaintiff and the defendant Ray Perry, while in the course of their employment with the defendant Tomra Metro, Inc. (hereinafter Tomra Metro), were loading the machine into a truck registered to the defendant Neroc, Inc. (hereinafter Neroc).

With regard to that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Perry, the defendants made a prima facie showing of entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 852 [1985]). The complaint alleged and the answer admitted that the plaintiff and Perry were both employed by Tomra Metro. In addition, in an affidavit dated September 14, 2000, Perry averred that he was employed by Tomra Metro at the time of the subject accident. This was sufficient to establish, prima facie, that he was insulated from liability by the Workers' Compensation Law as a co-employee of the plaintiff (*see* Workers' Compensation Law §§ 11, 29 [6]; *Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In response, the plaintiff failed to demonstrate any triable issue of fact relating to Perry's employment.

However, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Neroc. In support of that branch of their motion, the defendants failed to

establish a prima facie showing of entitlement to summary judgment (*see Winegrad v New York Univ. Med. Ctr., supra*). A triable issue of fact exists as to whether Neroc is liable for its own independent negligence in failing to properly equip and maintain the truck (*see Christiansen v Silver Lake Contr. Corp.,* 188 AD2d 507, 508 [1992]). Florio, J.P., Smith, Crane and Rivera, JJ., concur.