[779 NYS2d 47]

Svetlana Tikhonova, Appellant, v Ford Motor Company et al., Respondents, et al., Defendants.

First Department, June 22, 2004

## APPEARANCES OF COUNSEL

*Pollack, Pollack, Isaac & DeCicco,* New York City (*Brian J. Isaac, Alisa Lebensohn* and *Sherman & Basichas, LLP,* of counsel), for appellant.

*Nixon Peabody, LLP,* Garden City (*Santo Borruso* and *Joseph J. Ortego* of counsel), for respondents.

### OPINION OF THE COURT

SAXE, J.P.

Since 1924, the laws of this State have unequivocally provided that the owner of a motor vehicle shall be liable for the negligence of its driver (*see* Vehicle and Traffic Law § 388, formerly Vehicle and Traffic Law § 59, formerly Highway Law § 282-e [eff July 1, 1924]). In view of the strong public policy this statute represents, we decline to shield defendant car owners from suit simply because the negligent driver here is covered by diplomatic immunity.

The facts of this case are simple and undisputed. Plaintiff Svetlana Tikhonova suffered catastrophic injuries when a car in which she was a passenger, driven by Alexey Konovalov, a Russian diplomat, hit the rear end of the vehicle in front of it. The action before us does not involve a claim against Konovalov; it is undisputed that he is protected by diplomatic immunity, although plaintiff has the right to proceed directly against his insurer in federal court (*see* 28 USC § 1364 [a]). Rather, plaintiff's claim at issue here is against Ford Motor Credit Company, the registered owner of the vehicle, and Ford Motor Company, the long-term lessee (collectively, the Ford companies), which in turn leased the vehicle to the Russian Mission to the United Nations. Plaintiff relies upon Vehicle and Traffic Law § 388 (1), which provides that:

> "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from *negligence* in the use or operation of such vehicle . . . by any person using or operating the same with the permission . . . of such owner" (emphasis added).

The question here is whether the Ford companies, who would normally be liable for the negligence of the car's driver under Vehicle and Traffic Law § 388, are protected by the *driver's* diplomatic immunity.

Vehicle and Traffic Law § 388 was enacted in order to ensure that persons injured by the negligent operation of a motor vehicle would have recourse to a financially responsible insured person (*see Continental Auto Lease Corp. v Campbell*, 19 NY2d 350, 352 [1967]). From the language, as well as the purpose of section 388, it is apparent that the Legislature intended that vehicle owners would be held answerable whenever the driver was negligent, without reference to whether or not the driver was, or could be, found liable in court. Notably, the statute speaks of the driver's *negligence*, rather than his liability. The difference, of course, is that the concept of "negligence" applies whenever people act without exercising the appropriate degree of care, while to be "liable" they must be held obligated to another by law (*see* Black's Law Dictionary 925, 1056 [7th ed]). Even a driver immune from lawsuit may be negligent, although he cannot be held liable in court.

Just as section 388 by its terms applies where a driver is negligent irrespective of a liability finding, the concept of vicarious liability applies where one party is negligent, in order to make another party chargeable with that negligence (*see* Prosser and Keeton, Torts § 69, at 499 [5th ed]). It is not dependent upon the actual tortfeasor being charged with, or held liable for, the negligence; where vicarious liability applies, it is enough that the tortfeasor is found to have negligently caused the injury (*see e.g.* PJI 2:235 [concerning vicarious liability for an employee's negligence]).

Yet, nevertheless, the owner and lessor of the vehicle suggest that regardless of the driver's negligence, since the driver is statutorily immune from *liability*, the vehicle's owner and lessor may not be held vicariously liable under Vehicle and Traffic Law § 388. It is not contended that Mr. Konovalov's diplomatic immunity extends to cover the Ford companies as well. Rather, it is simply contended that the vicarious liability created by section 388 cannot arise where the driver is immune from suit.

In order to maintain that despite the clear intent of Vehicle and Traffic Law § 388, a vehicle owner should not be subject to suit where the driver is protected by diplomatic immunity, defendants rely upon a rule that arose and evolved in the context of workers' compensation and similar statutory schemes

restricting remedies against employers and employees. These cases began with *Naso v Lafata* (4 NY2d 585 [1958]), in which the plaintiff was injured in a car accident while a passenger in a car owned by his employer and driven by his coemployee, in the course of their employment. The Court there held that notwithstanding Vehicle and Traffic Law § 59, the predecessor statute to section 388, the plaintiff's action against the owner/employer was precluded by (former) Workmen's Compensation Law § 29 (6), which provided that an employee's right to workers' compensation or benefits "shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ" (4 NY2d at 589).

Then, in *Rauch v Jones* (4 NY2d 592 [1958]), where the plaintiff was injured in the course of his employment in a collision while a passenger in a tractor-trailer operated by a fellow employee, but the vehicle's owner was *not* the employer or a fellow employee, the action against the owner of the vehicle was nevertheless held to be barred by the Workmen's Compensation Law. In explaining why it declined to apply the Vehicle and Traffic Law provision to allow the injured employee to sue the owner of the vehicle, the Court remarked:

> "The unmistakable intention of the Legislature to make only one remedy available to an employee injured in the course of his employment by a fellow employee is manifested by the use of the emphatic language 'exclusive remedy'. The statute, having deprived the injured employee of a right to maintain an action against a negligent coemployee, bars a de-· rivative action which necessarily is dependent upon the same claim of negligence for which the exclusive remedy has been provided" (4 NY2d at 596).

In the case of *Kenny v Bacolo* (61 NY2d 642 [1983]), the Court considered the negligence and statutory liability claims of the driver of a vehicle involved in a collision with a van whose driver and passenger were covered by a federal workers' compensation statute. The plaintiff was an employee of Atlantic Repair Co., and the van in which he was riding was driven by a coworker, and leased by their employer from Decker Tank & Equipment Co. Their van collided with the defendant's vehicle while the plaintiff and his coworker were returning from a marine maintenance and repair job. The Court of Appeals, noting that the injured plaintiff had received an award of compensation under

the Longshoremen's and Harbor Workers' Compensation Act (33 USC § 901 *et seq.* [the Act]), not only dismissed the third-party claims brought by the driver of the other vehicle against the plaintiff's employer and the plaintiff's coworker who had been driving the van, it also dismissed the third-party claims against the owner of the van. The Court explained the dismissal of the defendant's claim against the plaintiff's employer with the reasoning that the Act provides that "an employer's obligation to compensate an employee under the act 'shall be exclusive and in place of all other liability of such employer to the employee . . . *and anyone otherwise entitled to recover damages from such employer at law . . . on account of such injury*' " (*id.* at 644 [emphasis added]). As to Decker Tank & Equipment Co., the owner of the van, although it was not protected by the Act as an employer, the Court held that because the Act made plaintiff's coworker, the driver, immune from suit (*see* 33 USC § 933 [a]), there could be no vicarious liability imputed to Decker Tank (61 NY2d at 645).

The rule that vicarious liability under section 388 may not be imputed to the vehicle owner where the driver is statutorily immune from suit has been applied again more recently in workers' compensation matters (*see e.g. Rodriguez v Lodato Rental, Inc.*, 267 AD2d 293 [1999]; *Jaglall v Supreme Petroleum Co.*, 185 AD2d 971 [1992]), and in one other context: where the driver was a volunteer firefighter who was involved in a collision in the course of going about his duties, and the car belonged to someone else (*see Nelson v Garcia*, 152 AD2d 22 [1989]; *Sikora v Keillor*, 17 AD2d 6 [1962], *affd* 13 NY2d 610 [1963]).

In the cases involving drivers who were volunteer firefighters, the injured plaintiff was precluded from suing the owner of the vehicle, based upon the immunity granted the firefighter pursuant to General Municipal Law § 205-b (*see Nelson v Garcia*, 152 AD2d 22 [1989]; *Sikora v Keillor*, 17 AD2d 6 [1962], *affd* 13 NY2d 610 [1963]). The first Court to consider how the statutory immunity protecting a volunteer firefighter affected the owner of the car he was driving employed a policy-based rationale for protecting the owner of the car as well. It reasoned that the purpose of the statutory immunity was "to encourage and facilitate" service by volunteer firefighters, and found that this purpose would not be accomplished if the immunity from liability was not extended to the owner of the vehicle which was used by the firefighter in the performance of those duties (*see Sikora v Keillor, supra* at 7).

However, the Court in *Nelson v Garcia* (152 AD2d 22 [1989], *supra*) did not limit its analysis to the policy-based rationale of *Sikora*. Rather, it very broadly remarked:

> "Vehicle and Traffic Law § 388 . . . imposes vicarious liability, which by its very nature cannot be imposed upon the owner unless there is liability on the part of the driver. Thus, *the immunity of the driver immunizes the owner against a claim of vicarious liability*" (152 AD2d at 24 [emphasis added]).

While the broad assertions made in such cases as *Nelson v Garcia* (*supra*) and *Kenny v Bacolo* (*supra*) appear to support the defendants' position that Mr. Konovalov's immunity prevents the Ford companies from being held liable under Vehicle and Traffic Law § 388, we conclude that these statements of law are unnecessarily expansive, protecting those who need no protection in circumstances that do not warrant any such protection, and decline to apply them in this context. Our decision in this respect is prompted by our belief that appellate courts have the responsibility to recognize when case law has evolved in an inappropriate direction or to a point where its statutory interpretation is contrary to the intent of the Legislature. Recently, for instance, this Court analyzed a line of cases and concluded that a previous decision of this Court must be overruled (*see e.g. Lindenman v Kreitzer*, 7 AD3d 30 [2004]; *see also Cavanaugh v 4518 Assoc.*, 9 AD3d 14 [2004]).

We agree with, and adopt, the reasoning employed in *Padlo v Spoor* (90 Misc 2d 1002 [1977], *affd* 72 AD2d 665 [1979]). In that case, the driver was statutorily immune from suit under the Federal Drivers Act (28 USC § 2679 [b]-[e]), yet liability was imposed upon the vehicle's owner under Vehicle and Traffic Law § 388. The court explained that a driver's immunity should only preclude a claim of liability against the owner under Vehicle and Traffic Law § 388 where the statutory scheme or public policy so requires, such as where the immunity enjoyed by the driver arises from a statutory scheme intended to be an exclusive basis of compensation, or where the immunity granted to the driver would be compromised if the law permitted claims arising from his negligent operation of another's vehicle (90 Misc 2d at 1005; *see also Davis v Harrod*, 407 F2d 1280, 1285 [1969] ["we see no reason why the owner of the car cannot be sued under 40 D.C.CODE § 424 where the driver is negligent, even though the driver has a statutory immunity"]).

In the present matter, there is no relevant statutory scheme providing for an exclusive remedy, nor is there any corresponding public policy concern. We reject the suggestion of our dissenting colleague that our result somehow violates the policy concerns underlying federal law on diplomatic immunity. Imposing liability on the Ford companies would not jeopardize the ability of diplomats to rent or operate motor vehicles. They are already, in any event, required to maintain insurance and protected from direct lawsuit. Protecting diplomats' lessors from liability provides these lessors with an unnecessary protection, without any public policy rationale.

Nor does the federal statute which authorizes direct legal action against a diplomat's insurer (*see* 28 USC § 1364 [a]) represent the exclusive avenue of recourse available to an injured party against all possible liable parties. It merely gives the District Courts exclusive jurisdiction over "civil action[s] commenced by any person *against an insurer* who by contract has insured an individual, who is, or was at the time of the tortious act or omission, a member of a mission" (*id.* [emphasis added]). It contains nothing that precludes or preempts an action under applicable state law against any other possibly liable parties. Indeed, since nothing in the statute requires the contemplated insurance policy covering a diplomat to provide for anything beyond the statutory minimum, nor any other motivation for a diplomat to obtain any insurance beyond the statutory minimum, it would be unconscionable to prevent a grievously injured party from proceeding against *other* potentially liable individuals simply because one of the potentially liable individuals was a diplomat.

There is no reason to apply a diplomat's immunity to protect any other entities who would otherwise be liable, and every reason to apply Vehicle and Traffic Law § 388 according to its terms. We therefore reverse, and hold that plaintiff must be permitted to proceed with her action against the Ford companies.

Accordingly, the order of the Supreme Court, Bronx County (Douglas E. McKeon, J.), entered March 10, 2003, which, to the extent appealed from, granted the motion of defendants Ford Motor Company and Ford Motor Credit Company for summary judgment dismissing the complaint as against them, should be reversed, on the law, without costs, the motion denied and the complaint reinstated.

WILLIAMS, J. (dissenting). I would affirm Bronx Supreme

Court's grant of the Ford defendants' motion for summary judgment dismissing the complaint as against them. The majority position represents a departure from settled New York law that ignores larger policy concerns.

The long-settled policy rationale underlying Vehicle and Traffic Law § 388 (1), which imposes vicarious liability on a New York State vehicle owner "for death or injuries to person or property resulting from negligence in the use or operation of such vehicle . . . by any person using or operating the same with the permission, express or implied, of such owner," is that victims of such negligence would have recourse against a financially responsible entity (*see Continental Auto Lease Corp. v Campbell*, 19 NY2d 350, 352 [1967]), *and* that a vehicle owner, who is otherwise blameless, would have recourse against the negligent user or operator of the vehicle (*see Naso v Lafata*, 4 NY2d 585, 590 [1958]; *Rauch v Jones*, 4 NY2d 592, 596 [1958] [vehicle owner not liable under predecessor statute, Vehicle and Traffic Law § 59, where his liability would be purely vicarious and alternative, statutory financial recourse is available to the injured party]). Consequently, it has been long settled in New York that when the driver of an alleged negligently operated vehicle is statutorily immune from liability, the vehicle owner may not be held vicariously liable to plaintiff pursuant to Vehicle and Traffic Law § 388 (*see Kenny v Bacolo*, 61 NY2d 642 [1983]; *Rodriguez v Lodato Rental, Inc.*, 267 AD2d 293 [1999]; *Jaglall v Supreme Petroleum Co.*, 185 AD2d 971 [1992]; *Nelson v Garcia*, 152 AD2d 22 [1989]).

The source of the immunity here, and the underlying policy concerns, should also give the majority pause. Foreign relations, which includes the delicate subject of diplomatic privileges and immunities, is a federal concern and, as such, federal law, the supreme law of the land, goes to great lengths in defining it. Hence, although a member of a foreign mission or his family who is alleged to be the driver of a negligently operated vehicle is immune from legal liability to the injured party, federal law provides a remedy to the injured party by mandating that foreign missions, their members and members' families obtain insurance against liability arising from operation of motor vehicles in the United States (22 USC § 254e) and that the injured party have exclusive and original recourse against the diplomat's insurer in Federal District Court (28 USC § 1364 [a]). While this remedy is not denominated the exclusive remedy allowed the injured party, under current New York law it effectively operates that way.

LERNER and MARLOW, JJ., concur with SAXE, J.P.; WILLIAMS, J., dissents in a separate opinion.

Order, Supreme Court, Bronx County, entered March 10, 2003, reversed, on the law, without costs, defendants-respondents' motion for summary judgment dismissing the complaint as against them denied and the complaint reinstated.