■ SHAUN CASTRO, Respondent, v SALEM TRUCK LEASING, INC., et al., Appellants, and DAMON K. WILSON, Respondent. [882 NYS2d 283]—

In an action to recover damages for personal injuries, the defendants Salem Truck Leasing, Inc., and Jose E. Cofresi appeal from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated May 1, 2008, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Salem Truck Leasing, Inc., and Jose E. Cofresi which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendant Jose E. Cofresi and substituting therefor a provision granting that

branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff was a passenger in a truck operated by the defendant Jose E. Cofresi and owned by the defendant Salem Truck Leasing, Inc. (hereinafter Salem), and leased by the employer of the plaintiff and Cofresi. As the truck was traveling south on Eighth Avenue in Manhattan, Confresi attempted to make a left turn onto West 150th Street and the truck collided with a vehicle traveling north.

With regard to that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Cofresi, Salem and Cofresi (hereinafter the defendants) made a prima facie showing of entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852 [1985]). The plaintiff and Cofresi both testified during their respective depositions that they were employed by the same entity and that the accident occurred during the course of their employment. Thus, the defendants established, prima facie, that Cofresi was insulated from liability by the Workers' Compensation Law as a co-employee of the plaintiff (see Workers' Compensation Law §§ 11, 29 [6]; Nguyen v Neroc, Inc., 8 AD3d 248, 249 [2004]; Rodriguez v Lodato Rental, 267 AD2d 293 [1999]; Christiansen v Silver Lake Contr. Corp., 188 AD2d 507, 508 [1992]). In response, the plaintiff failed to raise a triable issue of fact relating to Cofresi's employment. Therefore, the Supreme Court should have granted that branch of the motion.

However, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Salem. In support of this branch of their motion, the defendants failed to establish a prima facie showing of entitlement to summary judgment (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 852). A triable issue of fact exists as to whether Salem is liable for its own alleged independent negligence in allegedly failing to properly maintain the truck (see Nguyen v Neroc, Inc., 8 AD3d at 249; Christiansen v Silver Lake Contr. Corp., 188 AD2d at 508). Skelos, J.P., Santucci, Balkin and Leventhal, JJ., concur.