■ LENRON GOODE, JR., Respondent, v SCHENIQUA L. WOODSIDE, Appellant, et al., Defendant. [904 NYS2d 196]—

In an action to recover damages for personal injuries, the defendant Scheniqua L. Woodside appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated July 16, 2009, as denied that branch of her motion which was for summary judgment dismissing the complaint and any cross claims insofar as asserted against her on the ground that the action, insofar as asserted against her, is barred by the exclusivity provisions of the Workers' Compensation Law.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the appellant's motion which was for summary judgment dismissing the complaint and any cross claims insofar as asserted against her is granted.

The plaintiff and the defendant Scheniqua L. Woodside were co-employees of the Evelyn Douglin Center (hereinafter EDC). On May 16, 2008, at approximately 4:30 P.M., after returning the company bus for which the plaintiff was the driver and Woodside was the matron to an EDC parking lot, the plaintiff and Woodside went to Woodside's car, which was parked in the lot, in order to travel to an EDC building where a mandatory staff meeting was to be held. Shortly thereafter, Woodside's car was involved in an accident with a vehicle driven by the defendant Karl L. Abbadessa. As a result of the accident, the plaintiff sustained a tear and "acute . . . derangement" of the medial meniscus of his right knee, for which he underwent surgery. He received workers' compensation benefits for that injury.

The plaintiff sued both Woodside and Abbadessa. Woodside subsequently moved, inter alia, for summary judgment dismissing the complaint and any cross claims insofar as asserted against her. The Supreme Court denied that branch of the motion which was for summary judgment. We reverse.

Woodside established her prima facie entitlement to dismissal of the complaint insofar as it was asserted against her by showing that she was acting within the scope of her employment when the plaintiff, her co-employee, was injured while in her car (*see Castro v Salem Truck Leasing, Inc.*, 63 AD3d 1095 [2009]; *Garcia v Pepe*, 42 AD3d 427 [2007]; *Torre v Schmucker*, 275 AD2d 365 [2000]; *Christiansen v Silver Lake Contr. Corp.*, 188 AD2d 507 [1992]). In opposition to the motion, the plaintiff, through his affidavit, confirmed that Woodside was his co-employee and that the two of them were traveling in the course of their employment. Furthermore, it is undisputed that the plaintiff was awarded benefits for the workers' compensation

claim he made in connection with his injury. Therefore, the exclusivity provisions of Workers' Compensation Law § 29 (6) barred the plaintiff from bringing this action against Woodside and that branch of her motion which was to dismiss the complaint insofar as asserted against her should have been granted (*see Macchirole v Giamboi*, 97 NY2d 147 [2001]; *Castro v Salem Truck Leasing, Inc.*, 63 AD3d 1095 [2009]; *Garcia v Pepe*, 42 AD3d 427 [2007]; *Torre v Schmucker*, 275 AD2d 365 [2000]; *Christiansen v Silver Lake Contr. Corp.*, 188 AD2d 507 [1992]).

Woodside also established her entitlement to dismissal of any cross claims asserted against her by her unopposed showing that the plaintiff, her co-employee, did not suffer a "grave injury" as defined by Workers' Compensation Law § 11 (*see* Workers' Compensation Law §§ 11, 29 [6]; *Meis v ELO Org.*, 97 NY2d 714 [2002]; *Castro v United Container Mach. Group*, 96 NY2d 398, 400-401 [2001]). Mastro, J.P., Florio, Belen and Chambers, JJ., concur.