Matter of Froelich v South Wilson Volunteer Fire Co. (2021 NY Slip Op 05207)





Matter of Froelich v South Wilson Volunteer Fire Co.


2021 NY Slip Op 05207


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


708 CA 20-01208

[*1]IN THE MATTER OF DONNA F. FROELICH, CLAIMANT-APPELLANT,
v
SOUTH WILSON VOLUNTEER FIRE COMPANY, THOMAS E. WALDER, RESPONDENTS, AND TOWN OF WILSON, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 






WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR CLAIMANT-APPELLANT.
GOLDBERG SEGALLA LLP, BUFFALO (CHRISTOPHER G. FLOREALE OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Matthew J. Murphy, III, A.J.), entered August 18, 2020. The order, insofar as appealed from, denied that part of the application of claimant seeking leave to serve a late notice of claim on respondent Town of Wilson. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the application is granted with respect to respondent Town of Wilson upon condition that the proposed notice of claim is served within 30 days of the date of entry of the order of this Court.
Memorandum: Claimant sustained injuries in a motor vehicle accident and sought leave to serve a late notice of claim on respondents, Thomas E. Walder, South Wilson Volunteer Fire Company (fire company), and the Town of Wilson (Town). Claimant alleged that Walder was acting within the scope of his duties as a firefighter with the fire company and caused the collision with claimant's vehicle. Supreme Court granted the application with respect to Walder and the fire company but denied it with respect to the Town. Claimant now appeals from the order insofar as it denied her application with respect to the Town, and we reverse.
"In determining whether to grant . . . leave [to serve a late notice of claim], the court must consider, inter alia, whether the claimant has shown a reasonable excuse for the delay, whether the municipality had actual knowledge of the facts surrounding the claim within 90 days of its accrual, and whether the delay would cause substantial prejudice to the municipality" (Matter of Friend v Town of W. Seneca, 71 AD3d 1406, 1407 [4th Dept 2010]; see Matter of Szymkowiak v New York Power Auth., 162 AD3d 1652, 1653 [4th Dept 2018]). Although claimant proffered no excuse for the delay, "the failure to offer an excuse for the delay is not fatal where . . . actual notice was had and there is no compelling showing of prejudice to [respondent]" (Shane v Central N.Y. Regional Transp. Auth., 79 AD3d 1820, 1821 [4th Dept 2010] [internal quotation marks omitted]; see Matter of Bingham v Town of Wheatfield, 185 AD3d 1482, 1484 [4th Dept 2020]). "While the presence or absence of any single factor is not determinative, one factor that should be accorded great weight is whether the [respondent] received actual knowledge of the facts constituting the claim in a timely manner" (Matter of Henderson v Town of Van Buren, 281 AD2d 872, 873 [4th Dept 2001]; see Bingham, 185 AD3d at 1484-1485; Matter of Turlington v Brockport Cent. Sch. Dist., 143 AD3d 1247, 1248 [4th Dept 2016]). Claimant established that the Town had actual knowledge of the facts constituting the claim within 90 days and that it would not be prejudiced by the delay, and the Town offered no argument to the contrary.
Rather, the Town argued, and the court agreed, that the application should be denied with respect to the Town because the proposed claim against the Town was meritless (see generally Matter of Catherine G. v County of Essex, 3 NY3d 175, 179 [2004]). The Town argued that there was "no legal relationship between [the fire company] and the Town" and that the Town "does not employ any members of the fire company." We agree with claimant that the Town's argument is without any record support, and the court thus abused its discretion in denying the application with respect to the Town (see Lawton v Town of Orchard Park, 138 AD3d 1428, 1428 [4th Dept 2016], lv denied 27 NY3d 912 [2016]; see generally Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465 [2016], rearg denied 29 NY3d 963 [2017]).
A town board is authorized to establish fire districts, fire alarm districts, and fire protection districts in a town for the benefit of the town residents (see Town Law § 170 [1]; Cuddy v Town of Amsterdam, 62 AD2d 119, 120 [3d Dept 1978]). A fire district is a "wholly independent political subdivision whose members, including its volunteer firemen, are employees of the district and not of the town" (Matter of State Farm Fire & Cas. Co. v Village of Bronxville, 24 AD3d 453, 454 [2d Dept 2005] [internal quotation marks omitted]; see § 174 [7]; Thygesen v North Bailey Volunteer Fire Co., Inc., 106 AD3d 1458, 1459 [4th Dept 2013]). The "fire district rather than the town appoints its own members, furnishes fire and ambulance service and is liable for negligence on the part of its members, including their negligent operation of vehicles" (Nelson v Garcia, 152 AD2d 22, 25 [4th Dept 1989]; see Knapp v Union Vale Fire Co., 141 AD2d 509, 509-510 [2d Dept 1988]). Accordingly, a "town is not liable on the theory of respondent superior for the negligence of a volunteer fireman in the employ of a fire district" (Nelson, 152 AD2d at 25).
In contrast, "a fire protection district is simply a geographic area, with no independent corporate status, for which the town board is responsible for providing for the furnishing of fire protection" (Thygesen, 106 AD3d at 1459 [internal quotation marks omitted]) and, "[t]o that end, [a town board] may 'contract with any city, village, fire district or incorporated fire company . . . for the furnishing of fire protection' " (Matter of Waite v Town of Champion, 31 NY3d 586, 590 [2018], quoting Town Law § 184 [1]; see Cuddy, 62 AD2d at 120-121). "Members of the fire departments or companies established within a fire protection district 'are deemed officers, employees, or appointees of the town[,] and the town is liable for any negligence on the part of such members' " (Thygesen, 106 AD3d at 1459-1460, quoting Nelson, 152 AD2d at 24; see General Municipal Law §§ 50-a [1]; 50-b [1]; 205-b; Town Law § 184 [1]; N-PCL 1402 [e] [1]; Miller v Savage, 237 AD2d 695, 696 [3d Dept 1997]).
Here, the contract between the fire company and the Town shows that the Town "duly established . . . a fire protection district" and entered into a contract with the fire company to furnish fire protection within that fire protection district. The Town offered no evidence establishing that its town board created a fire district as opposed to a fire protection district. Thus, the creation of the fire protection district means that the members of the fire company " 'are deemed . . . employees' " of the Town, and the Town is liable for any negligence on the part of Walder (Thygesen, 106 AD3d at 1460; see Miller, 237 AD2d at 696).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court