■ In the Matter of HARRISON KENNER, Appellant, v THOMAS COUGHLIN, III, as Commissioner of State of New York Department of Correctional Services, et al., Respondents. — Judgment unanimously affirmed, without costs. Memorandum: Petitioner instituted this CPLR article 78 proceeding to compel respondents to reinstate him to his position as a correctional officer at Attica. Although he was terminated after arbitration pursuant to a collective bargaining agreement, he claims that his dismissal is reviewable in an article 78 proceeding because the arbitrator based his determination on a criminal charge against petitioner which had been dismissed and that his dismissal was thus in violation of the Human Rights Law (Executive Law, § 296, subd 16).

The petition was properly dismissed. The record makes clear that the arbitrator based his determination on the testimony of police witnesses that during a domestic argument petitioner aimed a loaded revolver at his wife, discharged it and that the bullet lodged in the wall, narrowly missing petitioner's wife.

Inasmuch as petitioner's termination was based on acts of recklessness involving a firearm, not on the mere fact of his arrest, there was no violation of the Executive Law or of CPL 160.60 (see *Matter of Skyline Inn Corp. v New York State Liq. Auth.*, 44 NY2d 695).

Although sealed records of petitioner's arrest were improperly admitted at the arbitration proceeding in contravention of CPL 160.50 (subd 1), there was no objection to their admission and that issue was not raised in the petition at Special Term. Even if it had been preserved for review, it would constitute an error of law which is not a basis for setting aside an arbitrator's award (see *Matter of Smith [Firemen's Ins. Co.]*, 55 NY2d 224) and similarly should not compel relief in this article 78 proceeding. (Appeal from judgment of Supreme Court, Wyoming County, Conable, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.