■ KENNETH BLOCK, Respondent, v ST. PAUL FIRE & MARINE INSURANCE COMPANY Appellant.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award which granted the petitioner the sum of $85,000 in uninsured motorist benefits, the appeal is from a judgment of the Supreme Court, Queens County (Berkowitz, J.), dated September 22, 1986, which granted the application and confirmed the award.

Ordered that the judgment is affirmed, with costs.

CPLR 7511 (b) provides, *inter alia,* that a party who participated in an arbitration may obtain a vacatur of the arbitration award if the rights of that party were prejudiced by the failure to follow the procedures prescribed in CPLR article 75. This avenue of relief is, however, forfeited where the party applying to vacate the award continued with the arbitration with notice of the defect and without interposing an objection thereto *(see,* CPLR 7511 [b] [1] [iv]).

With reference to the facts of this case, inasmuch as the appellant insurance company proceeded with the arbitration, without objection, its belated claim that the award should now be vacated on the ground that it never received a demand for arbitration, is without merit.

Equally unavailing is the insurer's challenge to the admissibility of an unsworn medical report which had been prepared by a physician who had examined the insured nearly three years subsequent to the accident. We find, as did the Supreme Court, that the admission of this report into evidence does not constitute sufficient grounds for vacating the award *(see, Matter of Sprinzen [Nomberg],* 46 NY2d 623; *Matter of Pierre [General Acc. Ins.],* 100 AD2d 705, *lv denied* 63 NY2d 601; *Dahn v Luchs,* 92 AD2d 537).

Finally, the appellant's contention that the award is excessive was not raised before the Supreme Court and, therefore, not properly preserved for appellate review *(see, Matter of Kenner v Coughlin,* 105 AD2d 1130, *lv dismissed* 65 NY2d 603, 760). In any event, "[i]t is well established that an arbitrator

is not required to justify his award; it must merely be evident that there exists a rational basis for it upon a reading of the record" *(see, Dahn v Luchs, supra,* at 538). On the basis of the present record, we conclude that the award rendered by the arbitrator was supported by the proof submitted and was, therefore, rational. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.