■ Milford L. Miller, Jr., Appellant, v Christopher P. Savage et al., Respondents. [654 NYS2d 215] —Peters, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered April 19, 1996 in Fulton County, which granted a motion made by defendant Sir William Johnson Volunteer Fire Company,

Inc. for summary judgment dismissing the complaint against it.

On February 27, 1993, plaintiff was injured in an automobile accident when the vehicle which he was operating was struck head-on by a vehicle driven by defendant Christopher P. Savage. At the time of the accident, Savage was traveling on County Highway 131 in the Town of Johnstown, Fulton County, and was responding to a fire alarm in the course of his duties as a volunteer firefighter for defendant Sir William Johnson Volunteer Fire Company, Inc. (hereinafter the Fire Company). Thereafter, plaintiff commenced this personal injury action against, *inter alia*, the Fire Company. Following joinder of issue, the Fire Company moved for summary judgment dismissing the complaint against it on the ground that it was not a proper party to the action. Supreme Court granted the motion and this appeal by plaintiff ensued.

There must be an affirmance. Pursuant to Town Law § 170, a town may establish either a fire district, a fire protection district or a fire alarm district for the purpose of providing fire protection services within its boundaries. The Town of Johnstown chose to establish a fire protection district known as the Sir William Johnson Fire Protection District (*see*, Town Law § 184 [1]). Unlike a fire district, a fire protection district is not a political subdivision independent of the Town (*see*, *Nelson v Garcia*, 152 AD2d 22, 24-25). Rather, the Town, through a fire protection district, expressly assumes the duty of providing fire protection within the district (*see*, *id.*). In addition, the members of the district, i.e., the paid and unpaid members of a fire department established within with fire protection district, are considered employees of the Town (*see*, *id.*).

In the case at hand, the Town contracted with the Fire Company to provide fire protection services within the Sir William Johnson Fire Protection District. The Fire Company was incorporated pursuant to Not-for-Profit Corporation Law § 1402 and, as such, the Town retained complete control over the Fire Company and ultimate responsibility for fire protection (*see*, Not-for-Profit Corporation Law § 1402 [e]; *Miller v Morania Oil*, 194 AD2d 770, 771). The Fire Company cannot be sued for the negligent acts and/or wilful malfeasance of one of its volunteer firefighters (*see*, *Knapp v Union Vale Fire Co.*, 141 AD2d 509; *see generally*, *Cuddy v Town of Amsterdam*, 62 AD2d 119). Therefore, Supreme Court properly granted summary judgment dismissing the complaint against the Fire Company.

White, J. P., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.