■ RONALD J. RAUX, JR., Appellants, v CITY OF UTICA, Respondent. [873 NYS2d 812]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered October 22, 2007 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by plaintiff Ronald J. Raux, Jr. when he stepped into an unmarked hole on a golf course operated and maintained by defendant. The hole, which was about 18 to 24 inches deep, was located 2 to 3 feet from the fringe of the green on the 12th hole of the golf course and was camouflaged by the $2^1/_2$-inch rough. We conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Defendant met its initial burden on the motion by establishing that it did not create the allegedly dangerous condition and did not have actual or constructive notice of it (*see Wesolek v Jumping Cow Enters., Inc.*, 51 AD3d 1376, 1377 [2008]; *see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). Plaintiffs' speculation with respect to the source of the hole is insufficient to raise a triable issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Rachlin v Volvo Cars of N. Am.*, 289 AD2d 981, 982 [2001]). Contrary to the contention of plaintiffs, they failed to defeat the motion by their submission of a hearsay statement made by a person who allegedly overheard a golf course employee comment that the hole in question was "a drainage hole that [the course] had dug." Although hearsay evidence may be considered in opposition to a motion for summary judgment, it is by itself insufficient to defeat such a motion (*see Gier v CGF Health Sys.*, 307 AD2d 729, 730 [2003]; *Arnold v New York City Hous. Auth.*, 296 AD2d 355, 356 [2002]), and here the sole basis for plaintiffs' opposition to the motion, other than speculation, was that hearsay statement. Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.