KELLY VANDEWATER, Appellant, v CANANDAIGUA NATIONAL BANK, Respondent. [893 NYS2d 916]—

Appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, J.), entered March 6, 2008 in an action pursuant to Executive Law § 290. The order granted in part defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying that part of the motion for summary judgment dismissing the complaint insofar as the complaint alleges retaliatory discharge under the opposition clause of Executive Law § 296 (1) (e) and reinstating the complaint to that extent and as modified the order is affirmed without costs.

Memorandum: Plaintiff contends, inter alia, that Supreme Court erred in granting that part of defendant's motion for summary judgment dismissing the complaint insofar as it alleges retaliatory discharge under the opposition clause of section 296 (1) (e) of the Executive Law (hereafter, Human Rights Law). According to plaintiff, she complained to supervisory personnel that her direct supervisor created a hostile work environment by making various sexual comments in her presence and that she was terminated from her position because she opposed that conduct by informing defendant of the comments made by her supervisor. Defendant moved for summary judgment dismissing the retaliatory discharge claim, contending that plaintiff had never complained of sexual harassment and was terminated because of her inadequate performance.

Pursuant to Executive Law § 296 (1) (e), an employer may not discharge an employee because he or she "has opposed any practices forbidden [under Executive Law article 15] or because he or she has filed a complaint, testified or assisted in any proceeding [under Executive Law article 15]" (see also 42 USC § 2000e-3 [a]). It is well settled that the federal standards under title VII of the Civil Rights Act of 1964 are applied to determine whether recovery is warranted under the Human Rights Law (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 n 3 [2004]). Thus, the three-step analysis employed to determine the existence of retaliation is whether there has been (1) participation by the plaintiff "in a protected activity known to [the] defendant; (2) an adverse employment action; and (3) a causal connection between the protected activity and the adverse employment action" (id. at 327).

Here, the record establishes a prima facie case of retaliation under the opposition clause of the statute, i.e., defendant discharged plaintiff because she complained to supervisory personnel that her direct supervisor created a hostile work environment by making sexual comments in her presence (see Deravin v Kerik, 335 F3d 195, 203 n 6 [2003]). We note that, although the participation clause of the statute for retaliatory discharge does not apply to an internal sexual harassment investigation (see id. at 204-205; see also Abbott v Crown Motor

*Co., Inc.*, 348 F3d 537, 543 [2003]), here plaintiff has a potential claim for retaliatory discharge under the opposition clause of the statute, based on her allegation that she complained to supervisory personnel concerning the alleged sexual harassment by her direct supervisor. We further conclude that plaintiff's allegations were not merely "conclusory" such that they would be insufficient to defeat that part of defendant's motion with respect to retaliatory discharge (*Schwapp v Town of Avon*, 118 F3d 106, 110 [1997]).

We conclude on the record before us that, although defendant established a nondiscriminatory reason for plaintiff's termination (*see generally Vitale v Rosina Food Prods.*, 283 AD2d 141, 144 [2001]), there nevertheless remains an issue of fact whether defendant's proferred reasons for plaintiff's termination were pretextual. We thus conclude with respect to plaintiff's claim under the opposition clause of the statute that there is an issue of fact whether there was a causal connection between plaintiff's "protected activity and the adverse employment action" of termination (*Forrest*, 3 NY3d at 327). We therefore modify the order accordingly. Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.