# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1092**
**TP 11-00775**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF WILLIAM J. THYGESEN, PETITIONER,

V                                        MEMORANDUM AND ORDER

NORTH BAILEY VOLUNTEER FIRE COMPANY, INC. AND
WARREN HOMES, PRESIDENT, NORTH BAILEY VOLUNTEER
FIRE COMPANY, INC., RESPONDENTS.

---

HOGAN WILLIG, AMHERST (STEVEN M. COHEN OF COUNSEL), FOR PETITIONER.

UNDERBERG & KESSLER LLP, ROCHESTER (ELIZABETH A. CORDELLO OF COUNSEL),
FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Donna M. Siwek, J.], entered January 10, 2011) to review a determination of respondents. The determination terminated petitioner from respondent North Bailey Volunteer Fire Company, Inc.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding challenging respondents' determination, following a hearing, to expel him from membership in respondent North Bailey Volunteer Fire Company, Inc. (Fire Company). Contrary to petitioner's contention, respondents did not violate CPL 160.50 either when they admitted in evidence media reports related to petitioner's two arrests or when they presented the testimony of a police investigator who was involved in the criminal investigations. It is undisputed that petitioners' charges were deemed dismissed following adjournments in contemplation of dismissal (*see* CPL 170.55) and, therefore, the records of those criminal prosecutions were sealed (*see* CPL 160.50 [1]). We note, however, that the media reports concerning petitioner's arrests do not constitute "official records and papers . . . relating to [petitioner's] arrest or prosecution" under CPL 160.50 (1) (c) and, because it is " 'permissible to consider the independent evidence of the conduct leading to the criminal charges' " (*Matter of New York State Dept. of Mental Hygiene v State Div. of Human Rights*, 103 AD2d 546, 549, *affd* 66 NY2d 752, quoting *Matter of Skyline Inn Corp. v New York State Liq. Auth.*, 44 NY2d 695, 696), the police investigator was "free to testify from memory" concerning the conduct that led to petitioner's arrests (*Matter of 53rd St. Rest. Corp. v New York State Liq. Auth.*, 220 AD2d

588, 588; *see Matter of Kenner v Coughlin*, 105 AD2d 1130, 1130-1131, *lv dismissed in part and denied in part* 65 NY2d 760).

    Contrary to the further contention of petitioner, we conclude that there is substantial evidence establishing that he had exhibited a lack of "good moral character" in violation of article II, § 2 of the Fire Company's Constitution and By-laws and had committed misconduct under General Municipal Law § 209-l (*see Matter of Pawlowski v Big Tree Volunteer Fireman's Co., Inc.*, 12 AD3d 1030, 1032; *see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182).  We have reviewed petitioner's remaining contentions and conclude that they lack merit.

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court