# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**290**

**CA 12-00789**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

---

WILLIAM J. THYGESEN, PLAINTIFF-APPELLANT,

V                                                                MEMORANDUM AND ORDER

NORTH BAILEY VOLUNTEER FIRE COMPANY, INC.,
WARREN HOLMES, INDIVIDUALLY AND IN HIS
CAPACITY AS PRESIDENT OF NORTH BAILEY
VOLUNTEER FIRE COMPANY, INC., DAVID HUMBERT,
INDIVIDUALLY AND IN HIS CAPACITY AS FIRE CHIEF
OF NORTH BAILEY VOLUNTEER FIRE COMPANY, INC.,
DANIEL STROZYK, INDIVIDUALLY AND IN HIS CAPACITY
AS INVESTIGATOR FOR NEW YORK STATE DIVISION OF
STATE POLICE AND NEW YORK STATE DIVISION OF
STATE POLICE, DEFENDANTS-RESPONDENTS.

---

HOGAN WILLIG, AMHERST (STEVEN M. COHEN OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

UNDERBERG & KESSLER LLP, ROCHESTER (ELIZABETH A. CORDELLO OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS NORTH BAILEY VOLUNTEER FIRE COMPANY, INC.,
WARREN HOLMES, INDIVIDUALLY AND IN HIS CAPACITY AS PRESIDENT OF NORTH
BAILEY VOLUNTEER FIRE COMPANY, INC. AND DAVID HUMBERT, INDIVIDUALLY
AND IN HIS CAPACITY AS FIRE CHIEF OF NORTH BAILEY VOLUNTEER FIRE
COMPANY, INC.

---

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 25, 2012. The order granted in part the motion to dismiss of defendants North Bailey Volunteer Fire Company, Inc., Warren Holmes and David Humbert.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking dismissal of the first and third causes of action against defendants North Bailey Volunteer Fire Company, Inc., Warren Holmes and David Humbert and reinstating those causes of action, and as modified the order is affirmed without costs.

Memorandum: Plaintiff, a former member of defendant North Bailey Volunteer Fire Company, Inc. (Fire Company), commenced this action alleging, inter alia, that defendants discriminated against him and violated his privacy and civil rights when they expelled him from membership in the Fire Company. Plaintiff also commenced a CPLR article 78 proceeding challenging the Fire Company's determination to expel him, and we confirmed that determination and dismissed the

petition (*Matter of Thygesen v North Bailey Volunteer Fire Co., Inc.*, 100 AD3d 1416).  In the instant action, North Bailey Volunteer Fire Company, Inc., Warren Holmes and David Humbert (defendants) moved to dismiss the complaint against them pursuant to CPLR 3211 alleging, inter alia, that plaintiff had never served a notice of claim as required by General Municipal Law § 50-e and that plaintiff was not an employee of the Fire Company.  Supreme Court granted the motion in part, dismissing the first, third, fifth and sixth causes of action against defendants.  Plaintiff now appeals.

Plaintiff contends that General Municipal Law § 50-e does not apply to the instant action because the Town of Amherst (Town) is not a named defendant, and the Fire Company is a not-for-profit corporation (*see* N-PCL 1402 [e] [1]), not a municipality or a fire district.  We reject that contention.  Pursuant to Town Law § 170, a town is authorized to establish a fire district, fire alarm district or fire protection district for the benefit of the town residents (*see Cuddy v Town of Amsterdam*, 62 AD2d 119, 120; *see also Miller v Savage*, 237 AD2d 695, 696).  A fire district is a separate legal entity whose members are employees of the fire district, not of any political subdivision (*see* § 174 [7]; *Nelson v Garcia*, 152 AD2d 22, 25).  In contrast, "a fire protection district is simply a geographic area, with no independent corporate status, for which the town board is responsible for providing for the furnishing of fire protection" (1981 Ops St Comp No. 81-1; *see* § 184; *Miller*, 237 AD2d at 696; *Nelson*, 152 AD2d at 24-25).  Members of the fire departments or companies established within a fire protection district "are deemed officers, employees, or appointees of the town[,] and the town is liable for any negligence on the part of such members" (*Nelson*, 152 AD2d at 24; *see* General Municipal Law §§ 50-a [1]; 50-b [1]; 205-b; Town Law § 184 [1]; N-PCL 1402 [e] [1]; *Miller*, 237 AD2d at 696; *Miller v Morania Oil of Long Is., O.C.P.*, 194 AD2d 770, 771).

It is undisputed that, in 1958, the Town established the North Bailey Fire Co., Inc., Fire Protection District No. 18 (Fire Protection District).  The Town, acting on behalf of the Fire Protection District, contracted with the Fire Company for fire protection services within the Fire Protection District.  Where an action is commenced against an officer, appointee or employee of a public corporation such as the Town of Amherst, "service of the notice of claim upon the public corporation shall be required . . . if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" (General Municipal Law § 50-e [1] [b]), and that is the case here.

Having determined that General Municipal Law § 50-e is implicated by this action, we now address its application to the four causes of action dismissed by the court.  We conclude that the court erred in granting those parts of the motion with respect to the first and third causes of action, alleging violations of the Human Rights Law (Executive Law § 296 *et seq.*), and properly granted those parts of the motion with respect to the fifth and sixth causes of action, alleging defamation.  We therefore modify the order accordingly.

It is well settled that the notice of claim requirements of General Municipal Law § 50-e do not apply to discrimination causes of action under the Human Rights Law inasmuch as those causes of action are not "founded upon tort" (General Municipal Law § 50-e [1] [a]; *see Mills v County of Monroe*, 89 AD2d 776, 776, *affd* 59 NY2d 307, *cert denied* 464 US 1018; *Margerum v City of Buffalo*, 63 AD3d 1574, 1580; *Grasso v Schenectady County Pub. Lib.*, 30 AD3d 814, 816; *Picciano v Nassau County Civ. Serv. Commn.*, 290 AD2d 164, 170; *Sebastian v New York City Health & Hosps. Corp.*, 221 AD2d 294, 294-295).  Thus, based on the limited issues raised by the parties (*cf.* County Law § 52; Town Law § 67 [1], [2]; *Scopelliti v Town of New Castle*, 210 AD2d 308, 309), we conclude that defendants were not entitled to dismissal of the first and third causes of action based on plaintiff's failure to serve a notice of claim.

We reach a different conclusion with respect to the fifth and sixth causes of action, however, which are "founded upon tort" (General Municipal Law § 50-e [1]).  The fifth cause of action alleges the tort of defamation against defendants Warren Holmes and David Humbert, and the sixth cause of action alleges the tort of defamation against Humbert.  Both Holmes and Humbert were sued individually and in their capacity as members of the Fire Company.  Inasmuch as the Town would be obligated to indemnify both men (*see Miller*, 237 AD2d at 696; *Nelson*, 152 AD2d at 24), the Town was entitled to a notice of claim pursuant to General Municipal Law § 50-e (1), and plaintiff's failure to serve that notice of claim is fatal to the fifth and sixth causes of action.

Defendants also sought dismissal of the first and third causes of action against them, alleging violations of the Human Rights Law, on the ground that plaintiff could not be deemed an employee covered by that statute.  "It is well settled that the federal standards under title VII of the Civil Rights Act of 1964 are applied to determine whether recovery is warranted under the Human Rights Law" (*VanDeWater v Canandaigua Natl. Bank*, 70 AD3d 1434, 1435, citing *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 n 3).  The question before us on this appeal is whether plaintiff may invoke the protections of the Human Rights Law, i.e., whether he was an "employee" of defendants. " '[T]he question of whether someone is or is not an employee under Title VII usually turns on whether he or she has received direct or indirect remuneration from the alleged employer' " (*York v Association of Bar of City of N.Y.*, 286 F3d 122, 125-126, *cert denied* 537 US 1089, *reh denied* 537 US 1228, quoting *Pietras v Board of Fire Commrs. of Farmingville Fire Dist.*, 180 F3d 468, 473).  Pursuant to the decision of the Second Circuit in *York*, "the following factors [are] indicative of 'financial benefit':  salary or other wages; employee benefits, such as health insurance; vacation; sick pay; or the promise of any of the foregoing" (*id*. at 126).  The benefits received "must meet a minimum level of 'significance,' or substantiality, in order to find an employment relationship in the absence of more traditional compensation" (*id*.).  In accord with the federal decisions, "a non-salaried volunteer firefighter's employment status under Title VII is a fact question when that firefighter is entitled to *significant*

benefits" (*Pietras*, 180 F3d at 473 [emphasis added]).

The record establishes that plaintiff received $440 per month as a result of the Service Award Program. While defendants contend that such amount represents a retirement benefit, not remuneration, there is a split of authority on the question whether such a benefit raises a triable issue of fact on the issue of employment (*compare E.E.O.C. v Incorporated Vil. of Val. Stream*, 535 F Supp 2d 323, 328-329, *with Keller v Niskayuna Consol. Fire Dist. 1*, 51 F Supp 2d 223, 231-232). Plaintiff identified additional benefits he received, including death benefits, eyeglass coverage and hearing aid coverage, as well as benefits he was afforded pursuant to General Municipal Law § 208-b, which include a death benefit payable to, inter alia, the spouse or dependent children of a regular member of a fire department. "Because compensation is not defined by statute or case law, . . . [the determination whether those benefits received constituted compensation could not] be found as a matter of law. The . . . court must leave to a factfinder the ultimate conclusion whether the benefits represent indirect but significant remuneration as [plaintiff] contends or inconsequential incidents of an otherwise gratuitous relationship as [defendants contend]" (*Haavistola v Community Fire Co. of Rising Sun, Inc.*, 6 F3d 211, 221-222; *see Pietras*, 180 F3d at 473; *E.E.O.C.*, 535 F Supp 2d at 328-329). We thus conclude that the court erred in determining as a matter of law that the benefits plaintiff received were insufficient to constitute compensation and that plaintiff therefore was not defendants' employee as a matter of law.

Entered:  May 3, 2013                          Frances E. Cafarell
                                               Clerk of the Court