██ WILLIAM J. THYGESEN, Appellant, v NORTH BAILEY VOLUNTEER FIRE COMPANY, INC., et al., Respondents. [57 NYS3d 582]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered February 9, 2016. The order granted the motions of defendants for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion of defendants North Bailey Volunteer Fire Company, Inc., Warren G. Holmes, individually and in his capacity as president of North Bailey Volunteer Fire Company, Inc. and David Humbert, individually and in his capacity as Fire Chief of North Bailey Volunteer Fire Company, Inc. in part and reinstating the first and second causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff, a former member of defendant North Bailey Volunteer Fire Company, Inc. (Fire Company), commenced this action alleging, inter alia, that defendants discriminated against him and violated his civil rights when they expelled him from membership in the Fire Company. On a prior appeal, we modified an order by reinstating certain causes of action (*Thygesen v North Bailey Volunteer Fire Co., Inc.,* 106 AD3d 1458 [2013]). In a separate CPLR article 78 proceeding commenced by plaintiff, we confirmed the determination expelling plaintiff from membership in the Fire Company (*Matter of Thygesen v North Bailey Volunteer Fire Co., Inc.,* 100 AD3d 1416 [2012]). Plaintiff now appeals from an order granting defendants' respective motions for summary judgment dismissing the complaint against them.

Contrary to plaintiff's contention, the court properly granted those parts of defendants' motions with respect to the causes of action alleging that they violated Executive Law § 296 (16), which are based upon the testimony of defendant Daniel Strozyk, individually and in his capacity as investigator for the New York State Division of Police, at the disciplinary hearing regarding admissions plaintiff made in connection with a crim-

inal investigation that resulted in plaintiff's arrest for two offenses. It is undisputed that the charges against plaintiff were dismissed following adjournments in contemplation of dismissal and that the records of those criminal prosecutions were sealed prior to the disciplinary hearing. Nevertheless, as we explained in our decision in the CPLR article 78 proceeding, "it is permissible to consider the independent evidence of the conduct leading to the criminal charges . . . , [and thus] the police investigator was free to testify from memory [with respect to plaintiff's admissions] concerning the conduct that led to [his] arrests" (*Thygesen*, 100 AD3d at 1417 [internal quotation marks omitted]).

We agree with plaintiff, however, that he raised an issue of fact sufficient to defeat the motion of the Fire Company and defendants Warren G. Holmes, individually and in his capacity as president of the Fire Company, and David Humbert, individually and in his capacity as Fire Chief of the Fire Company (collectively, Fire Company defendants), with respect to the first and second causes of action, alleging that they violated Executive Law § 296 (1) and Civil Rights Law § 40-c by discriminating against him based upon his sexual orientation. We therefore modify the order accordingly. As relevant here, "[a] plaintiff alleging [sexual orientation] discrimination in employment has the initial burden to establish a prima facie case of discrimination . . . [and] must show[, inter alia,] that . . . the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305 [2004]; *see Ferrante v American Lung Assn.*, 90 NY2d 623, 629 [1997]). In support of their motion, the Fire Company defendants were required to "demonstrate either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for their challenged actions, the absence of a material issue of fact as to whether their explanations were pretextual" (*Forrest*, 3 NY3d at 305). We conclude that, although the Fire Company defendants did not meet their burden with respect to plaintiff's alleged failure to establish every element of intentional discrimination, they met their burden of establishing that there were legitimate, nondiscriminatory reasons for their determination to expel plaintiff from membership of the Fire Company and that there are no issues of fact whether their explanations were pretextual, and thus the burden of proof shifted to plaintiff (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

"[P]laintiff is not required to *prove* his claim to defeat sum-

mary judgment" (*Ferrante*, 90 NY2d at 630). Rather, "[t]o defeat a properly supported motion for summary judgment in [a sexual orientation] discrimination case, plaintiff[ ] must show that there is a material issue of fact as to whether (1) the [Fire Company defendants'] asserted reason for [expelling him from membership] is false or unworthy of belief *and* (2) more likely than not the [plaintiff's sexual orientation] was the real reason" (*id.* [internal quotation marks omitted]). Viewing the facts in the light most favorable to the nonmoving party, as we must (*see Victor Temporary Servs. v Slattery*, 105 AD2d 1115, 1117 [1984]), and without making credibility determinations (*see Ferrante*, 90 NY2d at 631), we conclude that plaintiff raised an issue of fact sufficient to defeat the motion. Plaintiff presented the deposition testimony of defendant Warren Holmes, wherein he admitted that he knew that another member of the Fire Company had been arrested, that information regarding the arrest had appeared in the media, and that the member at issue was not disciplined by the Fire Company. Holmes also admitted in his deposition that he was aware of allegations that another member of the Fire Company engaged in sexual misconduct with a child, and that the allegations were not investigated by the Fire Company and the member was not disciplined. In addition, plaintiff submitted hearsay evidence, which may be considered in opposition to a motion for summary judgment but "is by itself insufficient to defeat such a motion" (*Raux v City of Utica*, 59 AD3d 984, 985 [2009]), that Holmes confronted Fire Company members who voted against plaintiff's expulsion from membership using derogatory language regarding plaintiff's sexual orientation. We therefore conclude that "the credibility issues raised by the plaintiff are sufficient to allow the case to go forward" with respect to the first and second causes of action (*Ferrante*, 90 NY2d at 631). We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Whalen, P.J., Centra, Lindley, Troutman and Scudder, JJ.