Roberts v Coeymans Hollow Volunteer Fire Co. (2019 NY Slip Op 00006)





Roberts v Coeymans Hollow Volunteer Fire Co.


2019 NY Slip Op 00006


Decided on January 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 3, 2019

521789

[*1]DOROTHEA ROBERTS, as Executor of the Estate of JUANITA ROBERTS, Deceased, Appellant,
v
COEYMANS HOLLOW VOLUNTEER FIRE COMPANY, Respondent.

Calendar Date: November 20, 2018

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Baynes Law Firm PLLC, Ravena (Brendan F. Baynes of counsel), for appellant.
Goldberg Segalla, LLP, Buffalo (William H. Baaki of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (O'Connor, J.), entered November 19, 2014 in Albany County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
In February 2012, defendant, a volunteer fire company, responded to the house of Juanita Roberts [FN1] upon receiving a call about a fire involving her dryer. Roberts, who had used a wheelchair, was evacuated from her house by defendant's individual members. As Roberts was being wheeled out, her foot got caught under her wheelchair, resulting in a lacerated toe and broken leg.
Roberts served a notice of claim in May 2012, naming defendant and "Coeymans Fire Company." An amended notice of claim adding "Coeymans Hollow Fire Company" was served in June 2012. Roberts commenced this action in April 2013, naming only defendant as a party defendant. Defendant joined issue and, among its affirmative defenses, asserted that Roberts failed to comply with the notice of claim requirements provided by the General Municipal Law, failed to name a necessary party and failed to name the proper defendant. In February 2014, defendant moved for summary judgment dismissing the complaint. In March 2014, Roberts cross-moved to, among other things, amend the complaint to add Coeymans Hollow Fire District #3 (hereinafter the Fire District) as a defendant. Defendant and the Fire District opposed the [*2]cross motion [FN2]. In a November 2014 order, Supreme Court granted defendant's motion and denied Roberts' cross motion. Roberts appeals.
We conclude that Supreme Court properly granted defendant's motion for summary judgment. A volunteer fire company, such as defendant, "shall be under the control of the
. . . fire district . . . having, by law, control over the prevention or extinguishment of fires therein" (N-PCL 1402 [e] [1]). Indeed, the Fire District was responsible for preventing and extinguishing fires within its jurisdiction and trained and supervised defendant's members. Furthermore, when defendant's members responded to the fire at Roberts' house, they acted under the direction of the Chief of the Fire District. Because defendant and the Fire District are separate entities and defendant does not exert control over its members, defendant cannot be held liable for the alleged negligence of its members (see Thygesen v North Bailey Volunteer Fire Co., Inc., 106 AD3d 1458, 1459-1460 [2013]; Miller v Savage, 237 AD2d 695, 696 [1997]; Knapp v Union Vale Fire Co., 141 AD2d 509, 509-510 [1988]; Cuddy v Town of Amsterdam, 62 AD2d 119, 121 [1978]).
We also find that Supreme Court properly denied Roberts' cross motion insofar as she sought to add the Fire District as a defendant. A condition precedent to the commencement of a tort action against the Fire District is the service of a notice of claim upon it (see General Municipal Law § 50-i [1]; Sarsick v Kibec, 73 AD2d 751, 751 [1979]). The record, however, fails to establish that this condition precedent was satisfied. Although it is undisputed that a notice of claim was served upon defendant, there is no evidence indicating that Roberts served a notice of claim specifically upon the Fire District.
We reject plaintiff's contention that defendant and the Fire District are so inextricably intertwined that timely service of the notice of claim upon defendant equates to timely service upon the Fire District. Furthermore, although defendant conducted an examination of Roberts under General Municipal Law § 50-h, equitable estoppel does not preclude any claim that Roberts failed to serve the notice of claim upon the proper party (see Scantlebury v New York City Health & Hosps. Corp., 4 NY3d 606, 613-614 [2005]; Khela v City of New York, 91 AD3d 912, 914 [2012]). We also note that, even though defendant was not obligated to inform Roberts that she failed to name the proper party (see Mascias v City of New York, 201 AD2d 541, 541 [1994]), defendant did so as an affirmative defense in its answer.
Plaintiff additionally contends that General Municipal Law § 50-e (3) (c) permits deeming the notice of claim served upon defendant as being timely served upon the Fire District. We disagree. This savings provision is "limited in scope to defects in the manner of serving the notice of claim on the correct public entity" (Scantlebury v New York City Health & Hosps. Corp., 4 NY3d at 614 [emphasis added]). That said, plaintiff fails to identify, nor does the record disclose, any infirmities in the service of the notice of claim. More critically, before any defects in service can be overlooked, service on the proper party must be accomplished in the first instance (see id. at 613-614). Given that the record does not indicate that Roberts served the Fire District — i.e., the correct party — plaintiff cannot rely on General Municipal Law § 50-e (3) (c). Plaintiff's remaining contentions have been considered and are either without merit or academic.
Garry, P.J., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Roberts passed away after this appeal was perfected. Plaintiff, the executor of Roberts' estate, was subsequently substituted as plaintiff in the appeal and the caption was amended accordingly. Plaintiff adopted the briefs filed by Roberts.

Footnote 2: Prior to deciding the motion and cross motion, Supreme Court directed Roberts to serve her cross motion upon the Fire District to give it an opportunity to respond to the arguments therein.