Klapan v Tully Cent. Sch. Dist. (2025 NY Slip Op 03446)

Klapan v Tully Cent. Sch. Dist.

2025 NY Slip Op 03446

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

317 CA 24-01704

[*1]IKA KLAPAN, PLAINTIFF-RESPONDENT,
v
TULLY CENTRAL SCHOOL DISTRICT, DEFENDANT-APPELLANT. 

BOND SCHOENECK & KING, PLLC, SYRACUSE (DANIEL J. PAUTZ OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BOUSQUET HOLSTEIN PLLC, SYRACUSE (NATHAN M. JERAULD OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Onondaga County (Danielle M. Fogel, J.), entered April 12, 2024. The order, insofar as appealed from, denied in part defendant's motion for summary judgment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety, and the complaint is dismissed.
Memorandum: Plaintiff commenced this action alleging employment discrimination by defendant. Defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion in part and dismissed a disability discrimination claim and a retaliation cause of action, but denied that part of the motion seeking dismissal of a sex discrimination claim. Defendant appeals.
Plaintiffs alleging discrimination in violation of the New York State Human Rights Law must show "(1) [they] are a member of a protected class; (2) [they were] qualified to hold the position; (3) [they were] terminated from employment or suffered another adverse employment action; and (4) the discharge or other adverse action occurred under circumstances giving rise to an inference of discrimination" (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]). A defendant moving for summary judgment dismissing a discrimination cause of action "must demonstrate either the plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for the challenged action, the absence of triable issue[s] of fact as to whether the explanations were pretextual" (Lefort v Kingsbrook Jewish Med. Ctr., 203 AD3d 708, 710 [2d Dept 2022] [internal quotation marks omitted]; see Thygesen v North Bailey Volunteer Fire Co., Inc., 151 AD3d 1708, 1709 [4th Dept 2017]).
Contrary to defendant's contention, the court properly determined that defendant did not meet its burden with respect to plaintiff's alleged failure to establish every element of intentional discrimination (see Thygesen, 151 AD3d at 1709). We note that plaintiff's burden of establishing a prima facie case is " 'de minimis' " (Basso v Earthlink, Inc., 157 AD3d 428, 429 [1st Dept 2018]; see Matter of Hirsch v New York State Div. of Human Rights, 232 AD3d 1248, 1250-1251 [4th Dept 2024]). We agree with defendant, however, and the court properly determined, that defendant established that there were legitimate, non-discriminatory reasons for its employment determination, and plaintiff failed to raise an issue of fact (see Thygesen, 151 AD3d at 1709; Clark v Morelli Ratner PC, 73 AD3d 591, 591-592 [1st Dept 2010]). In particular, the evidence established that there were at least three incidents during plaintiff's one-year probationary term where plaintiff exercised poor judgment.
We further agree with defendant that it established "the absence of a material issue of fact as to whether [its] explanations were pretextual" (Forrest, 3 NY3d at 305), and plaintiff failed to [*2]raise a triable issue that defendant's reasons "were false and that [gender-] motivated discrimination was the real reason" for defendant's employment determination (id. at 308). We therefore reverse the order insofar as appealed from, grant the motion in its entirety and dismiss the complaint.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court